STATE OF CONNECTICUT *v.* ANGEL ROSADO

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued June 15—decision released August 28, 1979

*Nicholas P. Cardwell,* for the appellant (defendant).

*Richard L. Shiffrin,* assistant state's attorney, with whom, on the brief, was *George D. Stoughton,* state's attorney for the appellee (state).

BOGDANSKI, J. The defendant was charged in an information with the sale of a narcotic substance, cocaine, in violation of § 19-480 (a) of the General Statutes. The bill of particulars subsequently filed by the state specified that the sale took place in Hartford on the afternoon of January 30, 1976, and that the defendant gave the cocaine to a confidential informer. The state thereafter filed an amendment to its information charging the defendant in a second count with possession of a narcotic substance in violation of § 19-481 (a).

The defendant elected to be tried by a jury which returned a verdict of guilty on the first count, charging a sale, but not guilty on the second count, charging possession. From the judgment rendered thereon, the defendant has appealed claiming that the court erred: (1) in its charge to the jury in that it defined "sale" and "possession" in a manner inconsistent with the information and bill of particulars; (2) in refusing to charge as requested; and (3) in sustaining the verdict on the first count when this verdict was inconsistent with the information, the bill of particulars, the court's charge and the verdict on the second count.

The state, as previously noted, alleged in its bill of particulars that the defendant had consummated the sale for which he was being tried by personally handing over the narcotic to the informant. In its

charge the court instructed the jury that the state must prove every element of the crime charged beyond a reasonable doubt and that the state's case would be insufficient if the proof of even one element were lacking. While the court, in defining a "sale" under the statute, instructed the jury that a person may be held criminally liable for a sale whether he acted as a principal or as an agent for another, the court expressly went on to caution the jurors that in order to convict the defendant in the present case they must find that the defendant himself gave the cocaine to the informant. When the jury subsequently requested a clarification of the definition of agency in relation to a sale, the court instructed the jury as to the definition of those terms given in the applicable provisions of §§ 19-443 (3) and 19-443 (50) of the General Statutes.[1]

On appeal the defendant seems to argue that although the court correctly charged the jury that in order to find the defendant guilty they must find that "the defendant gave the cocaine to the informer . . . ," the supplemental instructions as to the statutory definitions of agency and sale somehow permitted them to return a verdict of guilty even if they found that someone other than the defendant gave the cocaine to the informer. We do not agree.

Contrary to the defendant's contention, the court's charge did not instruct the jury that they could find the defendant guilty even if they found that someone other than the defendant had sold the cocaine

---

[1] "[General Statutes] Sec. 19-443. DEFINITIONS. . . . (3) 'Agent' means an authorized person who acts on behalf of or at the direction of a manufacturer, distributor or dispenser . . . (50) 'Sale' is any form of delivery which includes barter, exchange or gift, or offer therefor, and each such transaction made by any person whether as principal, proprietor, agent, servant or employee . . . ."

to the informer. It is quite clear from the language of the charge that the reference to "any person" in the definition of a sale was intended to mean the defendant Rosado, whether acting as principal, proprietor, agent, servant or employee.

The defendant next claims that it was error for the court to refuse to give his theory of defense charge as requested. The defendant, citing *United States* v. *Alfonso-Perez,* 535 F.2d 1362, 1365 (2d Cir. 1976), argues that an accused is entitled to a charge on any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible, and that it therefore was error for the court to refuse to charge as to his claim that it was someone other than he who sold the cocaine to the informant. To this argument the state responds that the rule cited by the defendant does not apply until evidence of a recognized legal defense has entered a case; that a simple denial of guilt does not constitute a recognized legal defense; and that the trial court therefore had no obligation to charge as requested by the defendant.

When a defendant admits the commission of the crime charged but seeks to excuse or justify its commission so that legal responsibility for the act is avoided, a theory of defense charge is appropriate. A defendant must, however, assert a recognized legal defense before such a charge will become obligatory. A claim of innocence or a denial of participation in the crime charged is not a legally recognized defense and does not entitle a defendant to a theory of defense charge. *Beets* v. *Commonwealth,* 437 S.W.2d 493, 496 (Ky. App. 1969); *State* v. *Lackey,* 539 S.W.2d 537, 538 (Mo. App. 1976); *State* v. *Horn,* 58 Hawaii 252, 255, 566 P.2d 1378 (1977).

The above principles seem especially appropriate given the statutory scheme in Connecticut. Our statutes expressly set out a number of affirmative defenses available to a criminal defendant, such as: ignorance or mistake; § 53a-6; intoxication; § 53a-7; renunciation of criminal purpose; § 53a-10; insanity; § 53a-13; duress; § 53a-14; entrapment; § 53a-15; justification; § 53a-16, as defined in §§ 53a-17 through 53a-23; use of firearms; §§ 53a-16a and 53a-16b; and renunciation of criminal purpose in a conspiracy charge; § 53a-48. We hold therefore that only when evidence indicating the availability of one of the above legally recognized defenses is placed before a jury is a defendant *entitled* as a matter of law to a theory of defense instruction.[2] See *State* v. *Hawkins,* 173 Conn. 431, 435–37, 378 A.2d 534 (1977); *State* v. *Anonymous,* 34 Conn. Sup. 612, 380 A.2d 7, 10 (1977).

The defendant's final claim is that the verdict of the jury acquitting him of the crime of possession is, on the facts of the present case, necessarily inconsistent with the verdict of guilty of the crime of sale and therefore the conviction on the first count must be set aside. The short answer to this claim is that inconsistency of the verdicts is imma-

---

[2] Although an alibi is sometimes spoken of as a defense, it operates, in this state, to entitle an accused to an acquittal when he has so far proved his alibi that upon all the evidence a reasonable doubt of his guilt has been raised. While the state is bound to prove beyond a reasonable doubt all the essential elements of the crime charged, including proof of the presence of the accused at the scene of the crime, where an alibi is asserted and relied upon as a defense, the accused is entitled to have the jury instructed that the evidence offered by him upon that subject is to be considered by them in connection with all the rest, in determining whether he was present, and that if a reasonable doubt upon that point exists, it is their duty to acquit. *State* v. *White,* 155 Conn. 122, 123, 230 A.2d 18 (1967); *State* v. *Brauneis,* 84 Conn. 222, 231, 79 A. 70 (1911).

terial. *State* v. *Manning,* 162 Conn. 112, 122, 291 A.2d 750 (1971). As Justice Holmes long ago observed in the case of *Dunn* v. *United States,* 284 U.S. 390, 393–94, 52 S. Ct. 189, 76 L. Ed. 356 (1932): " 'The most that can be said in such cases [i.e., of inconsistent verdicts] is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.' [*Steckler* v. *United States,* 7 F.2d 59, 60 (2d Cir. 1925)] . . . That the verdict may have been the result of compromise, or a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters."

The almost unanimous holding of the more recent decisions addressing this question is to the same effect; see *Hamling* v. *United States,* 418 U.S. 87, 101, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974); *United States* v. *Dotterweich,* 320 U.S. 277, 279, 64 S. Ct. 134, 88 L. Ed. 48 (1943); *United States* v. *Ordner,* 554 F.2d 24, 30 (2d Cir.), cert. denied, 434 U.S. 824, 98 S. Ct. 71, 54 L. Ed. 2d 82 (1977); *United States* v. *Rios Ruiz,* 579 F.2d 670, 677 (1st Cir. 1978); *United States* v. *Dudley,* 581 F.2d 1193, 1199 (5th Cir. 1978); *Gaylor* v. *United States,* 426 F.2d 233, 235 (9th Cir. 1970); upholding inconsistent verdicts in a narcotics prosecution. See also notes, 18 A.L.R.3d 259; 16 A.L.R.3d 866.

We conclude from our examination of the record in the present case that the evidence was sufficient

to sustain the verdict upon the sale count and that the court therefore did not err in refusing to set aside the verdict.

There is no error.

In this opinion the other judges concurred.