STATE OF CONNECTICUT *v.* ANTOINETTE CASSINO

SPEZIALE, C. J., HEALEY, PARSKEY, SPONZO and DALY, Js.

Argued May 13—decision released August 31, 1982

*Lisa J. Anderson,* law student intern, with whom were *Barbara L. Cox,* law student intern, and *Michael R. Sheldon,* and, on the brief, *Richard A. Reeve,* for the appellant (defendant).

*John M. Massameno,* assistant state's attorney, for the appellee (state).

SPONZO, J. The defendant, indicted on a charge of murder, was found guilty by a jury of the lesser included offense of manslaughter in the first degree in violation of General Statutes § 53a-55(a).[1] The defendant has appealed from the judgment on the verdict.

Although the accused did not file a request to charge the jury, she did take an exception to the charge as given and requested that the court instruct the jury on the defense of self-defense. This the court refused to do. The sole issue raised in this appeal is the failure of the court to charge on self-defense.

An examination of the testimony reveals that the state presented evidence to establish that Blanca Rosado died of a single stab wound to the heart as the result of an incident which occurred at approximately 11 a.m. on July 20, 1978 in the city of New Britain. The state offered evidence from several witnesses to the effect that the accused came upon the scene where she observed an argument between her brother and the victim. The accused became embroiled in the argument and shortly thereafter a slapping incident occurred between the victim and

---

[1] It is obvious that the reference in the judgment of the trial court to General Statutes § 53a-55a was a typographical error.

the accused in which there was conflicting testimony as to who was the aggressor. Witnesses for the state testified that the accused, in the presence of her sister, Susie Cassino, and her brother's girlfriend, Josephine Preto, secured a knife from her handbag and inflicted the fatal wound upon the victim. A contrary version of the facts is asserted by the defendant. Since we must "consider the evidence in a light most favorable to supporting the defendant's request to charge"; *State* v. *Arroyo,* 181 Conn. 426, 430, 435 A.2d 967 (1980); the version of the facts presented by the defendant which the evidence would reasonably support may be recited as follows: The defendant had been working at the Spanish Speaking Center in New Britain when she left to go home to obtain some cinnamon needed for a cooking project at the Center. On her way home, the defendant observed her brother, Bobby, engaged in an argument with the victim. The defendant joined in the argument and insults were traded between the defendant and the victim. This erupted into a physical confrontation and culminated in a fistfight between the two. During the scuffle, the victim withdrew a knife from an open pocket of her purse, which was hanging at waist level from a strap on her shoulder. The victim raised the knife in her hand and directed its blade toward the defendant. The defendant quickly grabbed the victim's wrists and pushed her away. The victim then screamed and fell to the ground, bleeding profusely from a wound in her upper left chest. The defendant immediately left the scene and proceeded to the apartment of a friend.

At the conclusion of the charge, the defendant took exception to the charge as given and requested, inter alia, that the trial court instruct the jury as to

the defense of self-defense as set forth in § 53a-19[2] of the General Statutes. The trial court refused to give the self-defense instruction on two grounds: (1) no claim of self-defense had been made; and (2) there had been no admission of a stabbing by the defendant. The court duly noted the defendant's exception to this ruling. The defendant contends that sufficient evidence was adduced at trial to require a jury instruction on the defense of self-defense under § 53a-19 and that the failure of the trial court to so instruct constituted reversible error.

---

[2] "[General Statutes] Sec. 53a-19.  USE OF PHYSICAL FORCE IN DEFENSE OF PERSON.  (a) Except as provided in subsections (b) and (c) a person is justified in using reasonable physical force upon another person to defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force, and he may use such degree of force which he reasonably believes to be necessary for such purpose; except that deadly physical force may not be used unless the actor reasonably believes that such other person is (1) using or about to use deadly physical force, or (2) inflicting or about to inflict great bodily harm.

"(b) Notwithstanding the provisions of subsection (a), a person is not justified in using deadly physical force upon another person if he knows that he can avoid the necessity of using such force with complete safety (1) by retreating, except that the actor shall not be required to retreat if he is in his dwelling, as defined in section 53a-100, or place of work and was not the initial aggressor, or if he is a peace officer or a private person assisting such peace officer at his direction, and acting pursuant to section 53a-22, or (2) by surrendering possession of property to a person asserting a claim of right thereto, or (3) by complying with a demand that he abstain from performing an act which he is not obliged to perform.

"(c) Notwithstanding the provisions of subsection (a), a person is not justified in using physical force when (1) with intent to cause physical injury or death to another person, he provokes the use of physical force by such other person, or (2) he is the initial aggressor, except that his use of physical force upon another person under such circumstances is justifiable if he withdraws from the encounter and effectively communicates to such other person his intent to do so, but such other person notwithstanding continues or threatens the use of physical force, or (3) the physical force involved was the product of a combat by agreement not specifically authorized by law."

Self-defense is not an affirmative defense under our statutes. It may, however, be asserted as a defense by way of justification pursuant to § 53a-16[3] of the General Statutes. The burden of proof applicable to the claimed defense is recited in § 53a-12 (a) of the General Statutes, which provides: "(a) When a defense other than an affirmative defense, *is raised at a trial,* the state shall have the burden of disproving such defense beyond a reasonable doubt." (Emphasis added.) The narrow issue presented is whether the accused in fact raised the defense of self-defense at the trial. The record before us, when viewed in a light most favorable to the defendant's claim, fails to demonstrate that this defense was raised at trial.

Evidence presented by the defense supports this conclusion in several respects. The testimony of the defendant, Susie Cassino and Josephine Preto supports a theory of accident, not self-defense. Their testimony fails to reveal that the defendant ever manipulated the knife. In response to a question posed on cross-examination as to whether she saw what happened to the knife when she pushed the victim away, the defendant responded: "No, I didn't, no." The defendant likewise failed to indicate any reason for believing that deadly physical force was necessary to defend herself or that such force was necessary due to an inability to retreat with complete safety. When asked why she did not run away when she saw the victim with the knife, the defendant responded: "I don't know." Further, remarks made by defense counsel during his closing argument to the jury manifest a conclusion contrary

---

[3] "[General Statutes] Sec. 53a-16. JUSTIFICATION AS DEFENSE. In any prosecution for an offense, justification, as defined in sections 53a-17 to 53a-23, inclusive, shall be a defense."

to a claim of self-defense: "You take any one of the stories, either Antoinette or from Jossie [sic] or from Susie on it and it was the result of a fight, a push and shove and a *complete accident.*" (Emphasis added.) "A claim of innocence or a denial of participation in the crime charged is not a legally recognized defense and does not entitle a defendant to a theory of defense charge." *State v. Rosado,* 178 Conn. 704, 707, 425 A.2d 108 (1979). While proof of an accident would negate an essential element of the crime charged, namely, an intent to cause death, it does not constitute a justification for a crime and is distinguishable from self-defense. *State v. Miller,* 186 Conn. 654, 665, 443 A.2d 906 (1982); see LaFave & Scott, Criminal Law (1972) § 29.

The testimony of Gary Plourde, an eyewitness to the incident and a friend of the defendant, directly refutes the defendant's self-defense claim. On direct examination by defense counsel, Plourde unequivocally expressed his observation of the incident: "When [sic] Blanca Rosado pulled out the knife and Antoinette grabbed it from her and stabbed her." If this version of the facts were to be accepted by the jury, it would be impossible for it to find self-defense, since an essential element of that defense would be lacking. Section 53a-19 (a) makes clear that "deadly physical force may not be used unless the actor reasonably believes that such other person is (1) using or about to use deadly physical force, or (2) inflicting or about to inflict great bodily harm." Once the defendant stripped the knife from the victim, the former would no longer have reason to believe that the victim was about to use deadly physical force or could inflict great bodily harm.

Significance may also be attached to the fact that nowhere does the defendant admit to stabbing the victim. Our law is clear that "[w]hen a defendant admits the commission of the crime charged but seeks to excuse or justify its commission so that legal responsibility for the act is avoided, a theory of defense charge is appropriate. A defendant must, however, assert a recognized legal defense before such a charge will become obligatory." *State* v. *Rosado,* supra, 707. Requests to charge have been denied where such admissions have been lacking. See *State* v. *Hawkins,* 173 Conn. 431, 436, 378 A.2d 534 (1977) (entrapment); *State* v. *Avery,* 152 Conn. 582, 584, 211 A.2d 165 (1965) (entrapment). We have held, with respect to affirmative defenses, "that only when evidence indicating the availability of one of the . . . legally recognized defenses is placed before a jury is a defendant *entitled* as a matter of law to a theory of defense instruction." (Emphasis in original.) *State* v. *Rosado,* supra, 708; *State* v. *Hawkins,* supra, 435–37. Although this case involves a nonaffirmative defense issue, similar reasoning nonetheless applies.

The defendant was entitled to have the matter submitted to the jury if there was sufficient evidence to raise a reasonable doubt concerning justification. The only evidence which may be said to have suggested a self-defense claim was the testimony of Catherine Galvin, a physician employed in the state medical examiner's office. Galvin, who performed the autopsy on the victim, was asked by the defendant whether the wound which caused the victim's death was consistent with a wound which might have been caused by a knife held in the victim's hand, upon which pressure was applied by another

person. Galvin testified that such a hypothesis was potentially consistent with characteristics of the wound. We conclude that this query, standing alone, does not qualify as sufficient evidence to raise a reasonable doubt as to justification. Galvin's testimony arguably supports a theory of accident as well as self-defense.

Accordingly, the cumulative effect of the evidence submitted by the defendant indicates that an instruction on self-defense was not warranted. Such a charge, based upon the record before us, would have had the effect of contradicting the evidence presented by the defendant, which manifested a theory of accident. *United States* v. *Crowder,* 543 F.2d 312, 317 (D.C. Cir. 1976), cert. denied, 429 U.S. 1062, 97 S. Ct. 788, 50 L. Ed. 2d 779 (1977). Our decision in no way offends the burden of proof requirements found in § 53a-12 (a). The state's burden of disproving the defense beyond a reasonable doubt does not attach until the defense is raised at trial. See General Statutes § 53a-12 (a). Because the defense of self-defense was not so raised by the defendant, she cannot complain of the trial court's refusal to give the requested instruction.

There is no error.

In this opinion the other judges concurred.