STATE OF CONNECTICUT *v.* CALVIN PILAND
(2793)

DUPONT, BORDEN and SPALLONE, Js.

Argued June 13—decision released September 11, 1984

*Raymond J. Quinn, Jr.,* public defender, for the appellant (defendant).

*Catherine J. Capuano,* special assistant state's attorney, with whom, on the brief, was *Walter H. Scanlon,* acting state's attorney, for the appellee (state).

PER CURIAM. The defendant was convicted of the crime of knowingly attempting to deliver a noncontrolled substance upon the express representation that such substance was a controlled substance, in violation of then General Statutes (Rev. to 1981) § 19-473, as amended by Public Acts 1981, No. 81-199, now General Statutes § 21a-268.[1] His appeal presents no issues of merit requiring extensive discussion.[2]

The defendant's claim that the court erred in denying his oral motion to dismiss, filed pursuant to the ruling of *Franks* v. *Delaware,* 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), is without merit. *Franks* requires, as one of the preconditions to an evidentiary hearing attacking a warrant, that "[a]ffidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." Id., 171. The defendant's oral motion falls far short of those requirements. Moreover, after the court denied his motion without an evidentiary hearing, it permit-

---

[1] The information simply referred to General Statutes (Rev. to 1981) § 19-473. That statute, as amended by Public Acts 1981, No. 81-199, also embraces subsection (a) (2), which prohibits such an attempted delivery "under circumstances which would lead a reasonable person to believe that such substance is a controlled substance . . . ." The state's bill of particulars, however, narrowed the charge to the "express representation" prohibited by subsection (a) (1), and the court charged the jury accordingly.

[2] At oral argument in this court the defendant abandoned one of his three claims of error.

ted him to put on evidence in support of his claim, as a kind of evidentiary offer of proof. Our review of this evidence indicates that the court was correct in denying the motion, because the evidence falls far short of establishing "deliberate falsehood or . . . reckless disregard for the truth . . ." in the affidavit upon which the warrant for his arrest was based. See id.

The defendant's claim that he was entitled to a charge on entrapment fails, because his testimony was a denial of an essential element of the crime charged, namely, that he expressly represented that the substance which he sold was cocaine; and because there was no evidence of inducement by the police. *State* v. *Rosado,* 178 Conn. 704, 707–08, 425 A.2d 108 (1979); *State* v. *Hawkins,* 173 Conn. 431, 436, 378 A.2d 534 (1977).

There is no error.

