STATE OF CONNECTICUT *v.* WILLIE J. FULLER
(12105)

PETERS, C. J., HEALEY, DANNEHY, SANTANIELLO and CALLAHAN, Js.

274

Argued January 7—decision released March 25, 1986

*John Watson,* assistant public defender, with whom was *Joette Katz,* public defender, for the appellant (defendant).

*Guy W. Wolf III,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Laura Ingersoll,* legal intern, for the appellee (state).

CALLAHAN, J. The defendant was charged in an amended information with robbery in the first degree in violation of General Statutes § 53a-134[1] and was found guilty by a jury. The trial court sentenced him

[1] "[General Statutes] Sec. 53a-134. ROBBERY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: (1) Causes serious physical injury to any person who is not a participant in the crime; or (2) is armed with a deadly weapon; or (3) uses or threatens the use of a dangerous instrument; or (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a weapon from which a shot could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime.

"(b) Robbery in the first degree is a class B felony provided any person found guilty under subdivision (2) of subsection (a) shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court."

to imprisonment for twelve years, suspended after eight years. He appeals from the judgment rendered on the verdict. We find error.

The only issues we need consider on appeal are the defendant's claims that the trial court erred by failing to instruct the jury: (1) that it could consider the threat of the imminent use of physical force upon a third person as an element of the defense of duress; and (2) that it was the state's burden to disprove duress, beyond a reasonable doubt. When we are reviewing a trial court's failure to charge as requested, "we must adopt the version of the facts most favorable to the defendant which the evidence would reasonably support." *State* v. *Anonymous (1977-9),* 34 Conn. Sup. 612, 616, 380 A.2d 7 (1977); see *State* v. *Cassino,* 188 Conn. 237, 239, 449 A.2d 154 (1982); *State* v. *Arroyo,* 181 Conn. 426, 430, 435 A.2d 967 (1980).

The defendant was arrested as a result of a robbery which occurred in New Haven in the early evening of September 8, 1982. The victim, Tracy Serfilippi, was employed as a pizza deliveryman. On the evening of the robbery, he was making deliveries in a jeep when, unable to locate an address, he stopped and asked the defendant, whom he knew by sight, for directions. The defendant got into the front passenger seat and went with the victim. The two were unsuccessful in making the delivery and returned to the corner of Congress and Hallock Streets where they had originally met. At this point, Raymond Beverly, who was acquainted with the defendant, but not with the victim, got into the rear seat. All three then drove to the area of Sylvan Avenue, where Beverly left the jeep for a few minutes. When he returned and resumed his seat, he produced a gun and waved it about, pointing it at both the defendant and the victim. The defendant testified that Beverly was "wild" and acting "crazy" and that he feared that Beverly might shoot. Pleading with Beverly not to

shoot, the defendant reached over and took money from the victim and threw it in the rear seat. He claimed that he did so because the victim was not moving fast enough and he thought Beverly was going to shoot him.

The defendant also testified that he had not planned the robbery with Beverly and that he had tried to tell the victim that he was not involved, but that the victim was hysterical and would not listen. The defendant did not dispute that the victim had been robbed and that he had participated in the robbery. He maintained, however, that he had been coerced into doing so and offered a defense of duress.

Needless to say, the victim's account of what occurred differed substantially from that of the defendant and was considerably less laudatory of the defendant's efforts and motivation than the version recited above. The victim did, however, testify that the defendant told Beverly not to shoot.

The defendant filed a written request to charge concerning his claimed defense of duress in which he asked the trial court to charge the entire text of General Statutes § 53a-14[2] and also to instruct the jury that it was the burden of the state to disprove the defense of duress beyond a reasonable doubt.[3] The trial court charged as to the defense of duress and read a major portion

---

[2] "[General Statutes] Sec. 53a-14. DURESS AS DEFENSE. In any prosecution for an offense, it shall be a defense that the defendant engaged in the proscribed conduct because he was coerced by the use or threatened imminent use of physical force upon him or a third person, which force or threatened force a person of reasonable firmness in his situation would have been unable to resist. The defense of duress as defined in this section shall not be available to a person who intentionally or recklessly places himself in a situation in which it is probable that he will be subjected to duress."

[3]        "DEFENDANT'S REQUEST TO CHARGE:

"DEFENSE THEORY OF THE CASE: DURESS, § 53a-[14]

"In this case, the defense maintains that Mr. Fuller is not guilty because he acted as he did only under duress. Duress is a valid defense under our

of General Statutes § 53a-14 to the jury. However, it omitted the words "or a third person," and thereby removed from the jury's consideration the defendant's claim that his participation in the robbery was coerced by the threatened imminent use of physical force upon the victim as well as upon himself. The trial court also failed to instruct the jury that it was the burden of the state to disprove the defense of duress beyond a reasonable doubt. See General Statutes § 53a-12.[4] Although the defendant duly excepted, the trial court did not expand on its charge.

Duress is a legally recognized defense in this state; *State* v. *Rosado,* 178 Conn. 704, 708, 425 A.2d 108

law which the State must disprove beyond a reasonable doubt. Section 53a-14 of our statutes states that:

"In any prosecution for [an] offense, it shall be a defense that the defendant engaged in the proscribed conduct because he was coerced by the use or threatened imminent use of physical force upon him or a third person, which force or threatened force a person of reasonable firmness [ . . . ] would have been unable to resist. The defense of duress as defined in this section shall not be available to a person who intentionally or recklessly places himself in a situation in which it is probable that he will be subjected to duress.

"In other words, if you find that Mr. Fuller engaged in actions constituting a robbery in the first degree, you still must find him not guilty unless the prosecution proves beyond a reasonable doubt that he was not acting under duress. To disprove duress, the state must prove beyond a reasonable doubt, first, that Mr. Fuller's actions were not coerced by the use or threatened imminent use of physical force upon himself or a third party; and second, that a person of reasonable firmness would have been unable to resist this force or threatened force.

"Since the State has the burden of disproving duress beyond a reasonable doubt, you must find Mr. Fuller not guilty unless you are convinced beyond a reasonable doubt that he was not acting under duress, as I have defined that term for you. If you have a reasonable doubt as to whether Mr. Fuller was acting under duress, you must find him not guilty."

[4] "[General Statutes] Sec. 53a-12. DEFENSES; BURDEN OF PROOF. (a) When a defense other than an affirmative defense, is raised at a trial, the state shall have the burden of disproving such defense beyond a reasonable doubt.

"(b) When a defense declared to be an affirmative defense is raised at a trial, the defendant shall have the burden of establishing such defense by a preponderance of the evidence."

(1979); and the legislature by statute has provided that the threatened imminent use of physical force upon a third person may constitute duress. See General Statutes § 53a-14. The state contends that there was insufficient evidence that the defendant was coerced by any threat of physical force directed toward the victim so as to require the court to charge that the defense of duress could be predicated on the threatened imminent use of physical force upon a third person. We disagree.

"When a defendant admits the commission of the crime charged but seeks to excuse or justify its commission so that legal responsibility for the act is avoided, a theory of defense charge is appropriate." Id., 707. If the defendant asserts a recognized legal defense and the evidence indicates the availability of that defense, such a charge is obligatory and the defendant is entitled, as a matter of law, to a theory of defense instruction. Id., 707–708. "[A] defendant is 'entitled to have instructions presented relating to any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible . . . .' *United States* v. *Platt,* 435 F.2d 789, 792 (2d Cir. 1970), quoting *United States* v. *O'Connor,* 237 F.2d 466, 474 n.8 (2d Cir. 1956)." *United States* v. *Alfonso-Perez,* 535 F.2d 1362, 1365 (2d Cir. 1976). "A fundamental element of due process is the right of a defendant charged with a crime to establish a defense. *Washington* v. *Texas,* 388 U.S. 14, 19, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967) . . . ." *State* v. *Miller,* 186 Conn. 654, 660, 443 A.2d 906 (1982). Where the legislature has created a legally recognized defense, in this case duress, this fundamental constitutional right includes a proper jury instruction on the elements of the defense of duress so that the jury may ascertain whether the state has met its burden of disproving it beyond a reasonable doubt. See id., 660–61.

The defendant testified that Beverly had been "wild," had acted "crazy" and had waved a gun around, pointing it at both him and the victim, and that he had been afraid that Beverly might shoot. He also testified that he had taken the money from the victim and had thrown it in the rear seat because he had thought Beverly might shoot the victim. If the defendant's testimony is taken in the light most favorable to supporting his request to charge, as it must be; *State* v. *Arroyo,* supra, 430; it might have provided sufficient evidence for the jury to find that the defendant participated in the robbery because he was coerced by the threatened imminent use of physical force upon Serfilippi as well as upon himself. The court's charge, however, prevented the jury from giving any consideration to the threatened imminent use of physical force upon the victim as motivation for the defendant's participation in the robbery. Since there was evidence to support the defendant's request to charge, the failure of the trial court to include any reference to "a third person" in its jury instructions deprived the defendant of the opportunity to present a legally recognized defense. " '[T]he charge must be considered from the standpoint of its effect on the jury in guiding them to a proper verdict.' " *State* v. *Williams,* 182 Conn. 262, 269, 438 A.2d 80 (1980). Because it is reasonably possible that, in this instance, the trial court's charge did not perform that function but rather misled the jury, we find error. *State* v. *Corchado,* 188 Conn. 653, 660, 453 A.2d 427 (1982).

The defendant also assigns as error the failure of the trial court to instruct the jury that it was the state's burden to disprove the defense of duress beyond a reasonable doubt. The trial court did charge the jury that, in order to convict the defendant of robbery, the state had to prove his intent to commit that crime beyond a reasonable doubt. The state's position is that, since duress would negate intent, the court's charge effec-

tively instructed the jury that it was the state's burden to disprove duress beyond a reasonable doubt. We disagree.

In its instructions, the trial court did not relate duress to intent or explain to the jury that duress negated intent or that, if the state proved intent beyond a reasonable doubt, it disproved duress beyond a reasonable doubt. Without such an instruction, the jury was left to its own devices to determine the relationship between intent and duress. That is a question on which there exists a difference of opinion. "Whether duress is inconsistent with specific intent raises broad philosophical issues concerning the nature of voluntary action for purposes of criminal responsibility and the appropriate conditions for holding a person morally blameworthy. Some view duress as precluding the mens rea required for criminal culpability. [Citations omitted.] However, others contend that duress does not preclude a finding of the voluntariness required for criminal responsibility because the defendant, though motivated by an impulse to save himself or another from serious harm, nonetheless forms an intention to commit a crime and chooses to act upon that intention." (Emphasis omitted.) *United States* v. *Mitchell*, 725 F.2d 832, 835 (2d Cir. 1983). A jury should not be called upon to resolve such an esoteric philosophical question at the expense of the defendant. An instruction, in accordance with General Statutes § 53a-12, that duress was a defense to the crime charged and that it was the state's burden to disprove it beyond a reasonable doubt would have enabled the jury to make a reasoned and guided assessment of the role of duress in the case. We are not persuaded that simply instructing the jury that it was the state's burden to prove intent beyond a reasonable doubt adequately informed the jury that it was the state's burden to disprove duress beyond a reasonable doubt.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.