STATE OF CONNECTICUT *v.* TIMOTHY E. BRELSFORD
(3220)

HULL, BORDEN and SPALLONE, Js.

Argued February 13—decision released April 8, 1986

*William Holden,* assistant public defender, with whom, on the brief, was *Herbert J. Bundock,* public defender, for the appellant (defendant).

*Robert A. Lacobelle,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

HULL, J. The defendant was originally charged with committing the crime of assault in the first degree. He appeals from his judgment of conviction, after a

jury trial, of the lesser included offense of assault in the second degree, a violation of General Statutes § 53a-60 (a) (1).[1] He claims as his sole issue on appeal that the court erred in failing to give the jury his requested instruction on the "defense" of intoxication. We agree with the defendant that the court erred in failing to charge on intoxication as relevant to negate the specific intent element of the crime of assault in the second degree. We, therefore, find error.

Before addressing the substance of the defendant's claims, it is first necessary to clear away a misconception which beclouds this simple issue. The defendant, in his brief and in his argument before this court, labeled intoxication as a defense.[2] He made a similar error by phrasing his request to charge in almost exactly the same language our Supreme Court discountenanced in *State* v. *Carter,* 189 Conn. 611, 625 n.9, 458 A.2d 369 (1984). In spite of this mislabeling, we will review the defendant's claim of error. While the defendant's request to charge was not as precise as it properly should have been, it was sufficient to alert the court to the need for such a charge, provided that there

---

[1] General Statutes § 53a-60 provides in pertinent part: "(a) A person is guilty of assault in the second degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person . . . ."

[2] A similar mislabeling was considered by the Supreme Court in *State* v. *Shine,* 193 Conn. 632, 635 n.4, 479 A.2d 218 (1984), in which the court stated: "It is necessary for us to clarify the use of the word 'defense.' General Statutes § 53a-7 expressly provides that intoxication is not a defense to a criminal charge but where it is admissible the defendant may offer evidence of intoxication to negate an element of the crime charged. Under § 53a-7, once the defendant has introduced enough evidence to raise the issue, as part of the state's burden of proving every element of the crime, it is its burden to disprove intoxication. See *State* v. *Turcio,* 178 Conn. 116, 132, 422 A.2d 749 (1979), cert. denied, 444 U.S. 1013, 100 S. Ct. 661, 62 L. Ed. 2d 642 (1980). Although both the trial court and the defendant have inaccurately used the word 'defense' to describe the relevance of this evidence, they did not connote a shift in the burden of proof. See General Statutes § 53a-12."

was sufficient evidence that the defendant was intoxicated when the crime occurred. Additionally, although the defendant made a similar mislabeling in his brief and argument before this court, it is clear that the essence of his argument on appeal is that there was sufficient evidence of intoxication to require the court to charge the jury that intoxication could negate a criminal intent. Our decision agrees with that of our Supreme Court in *State* v. *Carter,* supra. Faced with a similar issue, the *Carter* court stated that "[a]lthough the defendant's request was deficient in failing to confine the defense of intoxication to its bearing upon the mental element necessary for burglary in the first degree, it was sufficient to alert the court to the need for such a charge, provided that there was sufficient evidence that the defendant was intoxicated when the crime occurred." Id., 625–26. Accordingly, we now turn to the merits of the defendant's claim.

The defendant requested, and the court refused to give, a charge on intoxication. The trial court indicated that it was denying the request because it read the case of *State* v. *Rosado,* 178 Conn. 704, 707–708, 425 A.2d 108 (1979), as requiring that the defendant admit the crime charged before he is entitled to an instruction on the "defense" of intoxication. The trial court was undoubtedly misled by the inaccurate dictum in *State* v. *Rosado,* supra, 708, that intoxication is an affirmative defense.[3] It is neither a defense nor an affirmative defense. General Statutes § 53a-7.

Under earlier case law, intoxication was labeled a defense. Voluntary intoxication was a defense in a

---

[3] We do not read *State* v. *Rosado,* 178 Conn. 704, 707–708, 425 A.2d 108 (1979), as holding that whenever any defense, affirmative or otherwise, is raised, the defendant must admit the crime in order to receive a jury charge on his theory of defense. The holding of the case is "that only when evidence indicating the availability of one of the . . . legally recognized defenses is placed before a jury is a defendant *entitled* as a matter of law to a theory of defense instruction." (Emphasis in original.) Id., 708.

criminal action only where proof of specific intent was required as an element of the crime charged. *State* v. *Dennis,* 150 Conn. 245, 250, 188 A.2d 65 (1963). This rule was altered by the adoption of General Statutes § 53a-7 of the Penal Code, effective October 1, 1971. That section provides: "Intoxication shall not be a defense to a criminal charge, but in any prosecution for an offense evidence of intoxication of the defendant may be offered by the defendant whenever it is relevant to negate an element of the crime charged . . . ." General Statutes § 53a-7 defines intoxication as a "substantial disturbance of mental or physical capacities resulting from the introduction of substances into the body." Accordingly, if there was sufficient evidence that the defendant was intoxicated when the crime was committed, the trial court should have charged the jury that it could consider the defendant's intoxication when determining whether he had the requisite specific intent.

A brief summary of pertinent testimony is necessary to determine whether the evidence was sufficient to warrant the requested charge. The defendant was accused of cutting Stephen Moss in the face with a razor during a fight in Stratford on April 9, 1983. The fight occurred between 3 and 3:30 a.m., in a fairly large van containing seven persons, including the defendant and the victim. The occupants of the van were engaging in what can only be called, on the basis of overwhelming evidence, a drinking bout. The party went on for several hours between 1:30 and 3:30 a.m., and was some party indeed. The occupants testified to seeing all the others drink alcohol for several hours, or longer. Everybody was drinking beer and tequila and everybody was high or feeling good.

The defendant himself testified that he had drunk beer at a keg party in Milford and that he thereafter had four beers at Lavery's Bar. He confirmed the tes-

timony of others that he was drinking beer and tequila in the van in the early hours of April 9, 1983. He stated unequivocally on both direct and cross-examination that he was drunk. Further, an emergency medical technician who examined the defendant around 4 a.m. smelled alcohol on his breath, and said that the defendant was unable to maintain his balance without assistance.

The state argues that there was not sufficient evidence to justify the requested charge. The state emphasizes aspects of the evidence which would tend to show that the defendant, on some occasions, appeared to some of the witnesses to act normally, that some of the witnesses understood him, that he indicated that he understood his *Miranda* rights; *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); when they were read to him by the arresting officers, and that his recollection of certain events was good. On the basis of this evidence, the state contends that the defendant failed to demonstrate that at the time of the commission of the crime, he showed a substantial disturbance of mental and physical capabilities resulting from intoxication.

Such a claim unrealistically assesses the testimony in this case. There was more than sufficient evidence, both direct and inferential, from which the jury could have found that the defendant was intoxicated at the time of the crime. Intoxication evidence of equal weight was found sufficient to require an intoxication charge in *State* v. *Carter,* supra. In rejecting the state's claim of lack of evidence of an adverse effect upon the defendant's mental state, our Supreme Court in *Carter* stated that "the defendant did describe in simple but explicit fashion the result upon him of the substances he claimed to have ingested. If the jury believed his assertion in the confession that he was so intoxicated that he entered the house only to find a place to sleep without

being concerned about whether anyone was at home, they could not have found the 'intent to commit a crime therein,' which § 53a-101 (a) requires as an element of the offense. Since the state had the burden of proving this element, the quantum of evidence essential to warrant consideration of the effect of intoxication on the defendant can be no greater than that which *might have raised a reasonable doubt* as to the existence of the specified mental state." (Emphasis added.) Id., 627–28.

The Supreme Court, in the very recent case of *State v. Vinal,* 198 Conn. 644, 658–59, 504 A.2d 1364 (1986), summed up the jury's role in such a case: "A criminal defendant's intoxication is relevant to the determination of his capacity to form a specific intent to commit a crime; see *State v. D'Antuono,* 186 Conn. 414, 423, 441 A.2d 846 (1982); see also General Statutes § 53a-7; but it is not dispositive of the issue. It is for the jury to decide, after weighing all the evidence adduced at trial, whether a criminal defendant's intoxication rendered him incapable of forming the intent required to commit the crime with which he is charged. See *State v. Smith,* 185 Conn. 63, 70 n.7, 441 A.2d 84 (1981)."

We conclude that the evidence of intoxication was sufficient to have raised a reasonable doubt as to the existence of the requisite mental state and that the trial court, therefore, did err in refusing to charge upon intoxication in relation to the specific intent required by General Statutes § 53a-60 (a) (1).

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.