STATE OF CONNECTICUT *v.* WILLIE CLARK
(5798)

BIELUCH, O'CONNELL and STOUGHTON, Js.

Argued March 15—decision released May 31, 1988

*David M. Abbamonte,* special public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Henry J. Lyons III,* assistant state's attorney, and *Donald A. Browne,* state's attorney, for the appellee (state).

STOUGHTON, J. The defendant appeals from the judgment of conviction following a jury trial on a charge of assault in the first degree, a violation of General Statutes § 53a-59 (a) (1). The sole error claimed by the defendant is the refusal of the trial court to charge the jury on the defense of insanity.

Evidence was offered from which the jury might have found that on the afternoon of September 24, 1984, on a city sidewalk on Main Street in Bridgeport, the defendant had struck an elderly woman on the head with a hammer. There was no apparent reason for the attack. A policeman who had been looking from the window of a nearby coffee shop saw the defendant strike the victim, and the policeman subdued the defendant and placed him under arrest.

The defendant testified in his own behalf. He denied having struck the victim and said that he had been at home or going to the store with his mother at the time of the assault. He said that he had been arrested and handcuffed at the bus station, and not at the scene of the assault. He also testified that on the previous day he had turned himself in to the police because he was

carrying marihuana. He said that he was held overnight and given his pills so that he could go to court in the morning. He said that he asked to go to Fairfield Hills, but was taken to court and released. He said that he had been to Fairfield Hills about three years previously for assaulting his mother, that he had seen psychiatrists there, and that he took Mellaril twice a day which would "mess" his mind. The defendant testified that he had no "head problem" on the day of the attack. The defendant offered no other evidence and he called no other witnesses.

Counsel for the defendant claims that the defendant's version of events seems incredible when measured against that of the policeman. He claims that the attack was so bizarre and the defendant's version of events so incredible that he was entitled to a charge on a defense of insanity. We disagree.

Under General Statutes § 53a-13,[1] in any prosecution for an offense, it shall be an affirmative defense that the defendant, at the time of the proscribed act, lacked substantial capacity as a result of mental disease or defect either to appreciate the wrongfulness of his conduct or to control his conduct within the require-

[1] General Statutes § 53a-13 provides: "LACK OF CAPACITY DUE TO MENTAL DISEASE OR DEFECT AS AFFIRMATIVE DEFENSE.

"(a) In any prosecution for an offense, it shall be an affirmative defense that the defendant, at the time he committed the proscribed act or acts, lacked substantial capacity, as a result of mental disease or defect, either to appreciate the wrongfulness of his conduct or to control his conduct within the requirements of the law.

"(b) It shall not be a defense under this section if such mental disease or defect was proximately caused by the voluntary ingestion, inhalation or injection of intoxicating liquor or any drug or substance, or any combination thereof, unless such drug was prescribed for the defendant by a licensed practitioner, as defined in section 20-184a, and was used in accordance with the direction of such prescription.

"(c) As used in this section, the terms mental disease or defect do not include (1) an abnormality manifested only by repeated criminal or otherwise antisocial conduct or (2) pathological or compulsive gambling."

ments of the law. When the defendant raises an affirmative defense, General Statutes § 53a-12 (b)[2] places the burden of establishing that defense by a preponderance of the evidence upon him. Only where evidence indicating the availability of the defense of insanity is placed before the jury is a defendant entitled as a matter of law to a theory of defense instruction. *State* v. *Rosado,* 178 Conn. 704, 708, 425 A.2d 108 (1979). The defendant denied that he committed the assault and asserted that he was elsewhere at the time it took place. There was thus a question of fact for the jury, which is the usual posture of the two sides in a case such as this one. The defendant is not entitled to testify as to his version of events and, without more, ask that the jury be instructed that his version may be evidence of mental disease or defect. The defendant offered no expert testimony. He did not explain or offer any evidence of any prior treatment. He offered no evidence to explain why he was taking Mellaril or even what it was.

Whether a defendant has succeeded in putting sanity in issue is a question of law for the trial court. *State* v. *Rossier,* 175 Conn. 204, 209, 397 A.2d 110 (1978). In this case, the evidence of an apparently unprovoked attack by the defendant furnished no proof of mental disease or defect. His own denial is of no more assistance, and neither the jury nor this court is at liberty to speculate about what he was taking Mellaril for or indeed what he had been doing at Fairfield Hills,[3] a place never defined or described for the jury.

[2] General Statutes § 53a-12 provides: "DEFENSES; BURDEN OF PROOF.

"(a) When a defense other than an affirmative defense, is raised at a trial, the state shall have the burden of disproving such defense beyond a reasonable doubt.

"(b) When a defense declared to be an affirmative defense is raised at a trial, the defendant shall have the burden of establishing such defense by a preponderance of the evidence."

[3] "Fairfield Hills" refers to Fairfield Hills Hospital of the Connecticut Department of Mental Health, a state operated facility for the treatment of mental disorders.

The defendant claims also that he was entitled to a charge on General Statutes § 53a-13 because he had requested such a charge. The request to charge which was filed in this case failed to comply with the requirements of Practice Book § 852, which provides that each request be clearly and concisely stated with the citation of authority upon which it is based and the facts supported by the evidence to which the proposition would apply. The defendant's request was as follows: "Insanity - 53a-13 (a) Pursuant to *United States* v. *Hartefield,* 513 F.2d 254 (1975) according to the language and the law of that case which is hereto attached to this request." This fails to meet the requirements of § 852.

Furthermore, Practice Book § 4065 (d) (1) requires that a party claiming error in the trial court's refusal to charge as requested print in his brief or appendix a verbatim statement of the relevant portions of the charge as requested and as given by the court, and any relevant exceptions to the charge as given. The defendant has not complied with this rule and this failure would preclude review in any event.

There is no error.

In this opinion the other judges concurred.