STATE OF CONNECTICUT *v.* RICHARD RODRIGUEZ
(13900)

Heiman, Schaller and Hennessy, Js.

Argued February 28—officially released April 22, 1997

*Kent Drager*, assistant public defender, for the appellant (defendant).

*Nancy Gillespie*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *David P. Gold*, supervisory assistant state's attorney, for the appellee (state).

HENNESSY, J. This matter is before us on remand from our Supreme Court. *State* v. *Rodriguez*, 239 Conn. 235, 684 A.2d 1165 (1996). The defendant, Richard Rodriguez, originally appealed from the judgment of conviction, rendered after a jury trial, of two counts of robbery in the first degree, one count of conspiracy to commit robbery in the third degree, one count of burglary in the third degree, one count of conspiracy to commit burglary in the third degree, two counts of kidnapping in the first degree, two counts of larceny in the second degree, and one count of larceny in the third degree. In his original appeal, the defendant asserted that the trial court had improperly (1) denied his motion to suppress evidence, (2) found that there was sufficient evidence to support his convictions, (3) ruled on the admissibility of certain statements of the deceased victim, (4) instructed the jury on intoxication in relation to the state's burden of proving specific intent and (5) admitted into evidence a gun found in the area where he was arrested. The defendant also claimed that his due process rights were violated by prosecutorial misconduct and the imposition of

improper sentences for his conspiracy conviction. Because we found that the trial court improperly denied the defendant's motion to suppress evidence, we reversed the judgment of conviction and remanded the case with direction to grant the defendant's motion to suppress and for a new trial. *State* v. *Rodriguez*, 39 Conn. App. 579, 665 A.2d 1357 (1995).

Our Supreme Court granted the state's petition for certification. *State* v. *Rodriguez*, 235 Conn. 939, 668 A.2d 376 (1996).[1] The Supreme Court reversed this court's determination that the defendant's motion to suppress should have been granted and remanded the case to us with direction to consider the remaining claims on appeal.[2]

"The jury could reasonably have found the following facts. On December 2, 1991, Aimee Harris and William Harris, residents of 2330 Shepard Avenue in the town of Hamden, were victims of a robbery in their home perpetrated by two men wearing masks, one of whom was armed with a gun. During the course of the robbery, the victims had property taken from their persons as well as their home. In addition, the robbers bound the Harrises with neckties. Within minutes after the robbers left, the victims freed themselves and called 911. The Hamden police arrived shortly thereafter, and broadcast the details of the robbery over the police radio.

"As Sergeant John Kennelly of the Hamden police department approached the area of the robbery, he

---

[1] The grant of certification was limited to the following issues: "1. In the circumstances of this case, did the Appellate Court properly determine that the defendant's suppression motion should have been granted?

"2. If the answer to the first question is in the affirmative, should the Appellate Court have remanded the case for further findings on inevitable discovery?" *State* v. *Rodriguez*, supra, 235 Conn. 939–40.

[2] In our first opinion, we resolved issues one, two, three and five, leaving unresolved only the issues regarding jury instructions, prosecutorial misconduct and improper sentencing. *State* v. *Rodriguez*, supra, 39 Conn. App. 579.

observed a red car parked on the shoulder of the road approximately twenty-five feet from the Harris driveway. Standing next to the passenger side of the car was Daniel Garrison, whom Kennelly had known for many years. A white female, later identified as Carol Orsene, was sitting in the driver's seat of the car and a Hispanic male, with dark hair and a mustache, was in the back seat. Kennelly spoke briefly with Garrison, warning him to leave the area because of a problem, and proceeded to the Harris home.

"Later that evening, the defendant was arrested on unrelated charges. He was then identified by Kennelly as the Hispanic male from the red car parked near the Harris driveway. The next day the defendant was arraigned on charges relating to the robbery at the Harris home. He was convicted after a jury trial and this appeal followed." *State* v. *Rodriguez*, supra, 39 Conn. App. 581–82.

I

In the first issue remaining to be resolved, the defendant claims that the trial court improperly failed to instruct the jury on intoxication and its relation to the state's burden of proof with regard to specific intent. We disagree.

The following additional facts are necessary for the resolution of this issue. At trial, Kennelly testified that the defendant claimed he was smoking cocaine in the red car with Garrison and Orsene in the Harris driveway. Officer Gary Komoroski of the Hamden police department also testified on cross-examination that an identification card for a needle exchange program and a packet of white powder were found in the defendant's pockets when he was arrested shortly after the robbery.

The defendant claims that Kennelly's and Komoroski's testimony might have raised a reasonable doubt

based on a lack of specific intent because of intoxication. We are not persuaded that this evidence is sufficient to have required a jury instruction on the relationship between intoxication and specific intent. "Intoxication is admissible to negate intent when proof of specific intent is an element of the crime charged." *State* v. *Folson*, 10 Conn. App. 643, 651, 525 A.2d 126 (1987); General Statutes § 53a-7. Because the state has the burden of proving the element of specific intent, "the quantum of evidence essential to warrant consideration of the effect of intoxication on the defendant can be no greater than that which might have raised a reasonable doubt as to the existence of the specified mental state." *State* v. *Brelsford*, 6 Conn. App. 701, 706, 507 A.2d 491 (1986).

We have previously held that it is not necessary for a defendant to present evidence of the effect of an intoxicating substance on him to require an instruction on intoxication and specific intent. The jury is permitted to infer from the fact that an intoxicating substance was ingested that an incapacity to form a specific intent resulted. *State* v. *Folson*, supra, 10 Conn. App. 652–53. This does not mean, however, that only the slightest evidence of the possibility of intoxication is sufficient to require a court to give a requested charge on intoxication and specific intent. *State* v. *Clemons*, 168 Conn. 395, 406, 363 A.2d 33, cert. denied, 423 U.S. 855, 96 S. Ct. 104, 46 L. Ed. 2d 80 (1975).

Here, the only evidence of drug use at the time of the offense was Kennelly's report of what the defendant told him during the questioning in Komoroski's cruiser and the fact that Komoroski found an identification card from a needle exchange program and a packet of white powder in the defendant's possession. Under these circumstances, we conclude that the trial court reasonably determined that there was not such a quantum of evidence as would allow the jury to form a

reasonable doubt as to the defendant's specific intent to commit the crimes charged based on a claim of intoxication.

## II

The defendant next claims that prosecutorial misconduct deprived him of a fair trial. Although this claim was not preserved at trial, the defendant requests review under the constitutional bypass doctrine of *Evans-Golding*. See *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989); *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973). We decline to afford such review because the defendant has failed to brief the issue adequately.

The defendant attempts to invoke review of his prosecutorial misconduct claim in a single sentence: "Unpreserved claims of prosecutorial misconduct are reviewable under the *Evans-Golding* doctrine where the misconduct is not isolated and is sufficiently egregious to have deprived the accused of a fair trial." This is, of course, a correct statement of the law. *State* v. *Williams*, 204 Conn. 523, 537, 529 A.2d 653 (1987).[3] Nevertheless, the defendant fails to apply this statement of the law to his claim on appeal. We are provided with no argument that the alleged misconduct in this case was part of a pervasive pattern.

Claims on appeal that are inadequately briefed are deemed abandoned. *State* v. *Tweedy*, 219 Conn. 489, 510 n.17, 594 A.2d 906 (1991); *State* v. *Merritt*, 36 Conn. App. 76, 97, 647 A.2d 1021 (1994), appeal dismissed, 235 Conn. 302, 659 A.2d 706 (1995). This rule applies to claims that the defendant is entitled to *Evans-Golding* review. See *State* v. *Laccone*, 37 Conn. App. 21, 32, 654 A.2d 805 (1995), appeal dismissed, 235 Conn. 746, 669

---

[3] Although *Williams* predated the refinement of the constitutional bypass doctrine in *Golding*, the holding of *Williams* has been reaffirmed in *State* v. *Tweedy*, supra, 219 Conn. 489.

A.2d 1213 (1996). Because we conclude that the defendant has not adequately briefed the propriety of *Evans-Golding* review of this issue, we decline to review his claim.

### III

The defendant's final unresolved claim is that the trial court improperly sentenced him in connection with counts three and five of the amended information. In count three, the defendant was charged and convicted of conspiracy to commit robbery in the third degree. In count five, the defendant was charged with and convicted of conspiracy to commit burglary in the first degree. Due to confusion at the sentencing hearing, the defendant was sentenced on count three to twenty years, an allowable sentence for conspiracy to commit robbery in the *first* degree. The defendant was also given a separate sentence on count five. The state concedes that these sentences were improper and agrees with the defendant that the case should be remanded for sentencing on both counts.

In count three, the defendant should have been sentenced for the crime of which he was convicted—conspiracy to commit robbery in the *third* degree. Additionally, because the same facts underlie the conviction for conspiracy to commit robbery and conspiracy to commit burglary, the defendant can be sentenced on either count three or count five, but not both. See *State* v. *Howard*, 221 Conn. 447, 604 A.2d 1294 (1992); *State* v. *Chicano*, 216 Conn. 699, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1092 (1991). In light of the state's concession that this is the proper course of action, we will not discuss this claim further.

The judgment is reversed only as to the sentence imposed on counts three and five and the case is

remanded for resentencing on those counts consistent with this opinion.

In this opinion the other judges concurred.