STATE OF CONNECTICUT *v.* PAUL W. DEPTULA
(10956)

DALY, FOTI and HEIMAN, JS.

Argued February 24—decision released April 27, 1993

*William H. Paetzold,* deputy assistant public defender, for the appellant (defendant).

*Paul J. Ferencek,* assistant state's attorney, with whom, on the brief, were *Mark S. Solak,* state's attorney, and *Mark Stabile,* deputy assistant state's attorney, for the appellee (state).

DALY, J. The defendant appeals from a judgment of conviction, rendered after a jury trial, of assault in the second degree in violation of General Statutes § 53a-60 (a) (1).[1] The defendant also challenges the enhancement of his sentence, rendered after a nolo contendere plea to being a persistent serious felony offender in violation of General Statutes § 53a-40 (b).[2]

---

[1] General Statutes § 53a-60 (a) provides in pertinent part: "A person is guilty of assault in the second degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person . . . ."

[2] General Statutes § 53a-40 (b) provides in pertinent part: "A persistent serious felony offender is a person who (1) stands convicted of a felony,

The defendant claims that the trial court improperly (1) failed to instruct the jury on self-defense, (2) accepted the defendant's plea of nolo contendere to being a persistent serious felony offender, and (3) admitted evidence of the defendant's prior assaultive misconduct. We reverse the judgment of the trial court.

The jury reasonably could have found the following facts. On June 6, 1991, at approximately 9 a.m., the defendant purchased beer and vodka at a Willimantic package store for himself and his wife, the victim. They both consumed the alcohol until 6 p.m., when they began to argue. The defendant's wife hit the defendant with her hands. After deflecting her blows, the defendant struck her four or five times on the face and chest causing her to fall to the floor. The defendant's wife had not recovered from her injuries the next day. Finally, on June 8, she was taken to Windham Hospital after the defendant called 911. When rescue personnel arrived on the scene, the defendant claimed that his wife had fallen down some stairs. His wife was suffering from three fractured ribs and a fracture of the right jaw. She had also sustained multiple bruises. After receiving treatment, the wife signed herself out of the hospital and stayed with a friend. During that time, the wife's condition worsened and she was readmitted to the hospital on June 10. She remained in the hospital for over three weeks.

At approximately 4 p.m. on June 10, the defendant went to the Willimantic police station. After being informed of his *Miranda* rights; *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966);

and (2) has been, prior to the commission of the present felony, convicted of and imprisoned under an imposed term of more than one year or of death, in this state or in any other state or in a federal correctional institution, for a crime. . . ."

the defendant signed a written statement admitting that he had hit his wife.[3] Further facts are set forth as necessary.

I

The defendant first claims that he was entitled to a charge on self-defense. The defendant submitted requests to charge, including one on self-defense that was taken directly out of L. Orland & D. Borden, Criminal Jury Charges § 6.1. Self-defense, as defined in General Statutes § 53a-19,[4] is a justification defense.

[3] The defendant's statement read: "I, Paul Deptula . . . of . . . Willimantic, Connecticut, telephone none, having been advised of my constitutional rights, without threat or promise, depose and say that on June 6, 1991, at approximately 9:00 a.m., I went to a package store in Willimantic and bought beer and vodka for myself and my wife. I then went back to our apartment . . . [in] Willimantic, Connecticut. That my wife, Robin, and I started drinking and drank to about 6:00 p.m.. We both were very drunk and we started arguing about money and drinking. That Robin started to hit me with her hands and I started blocking her punches and started hitting her back with my fists. I hit her about four or five times with my fists. I hit her in the chest a few times and once in the face which knocked her to the floor. That Robin just laid on the ground and we went to sleep in our beds. That on Friday, 6/7/91 to Saturday, 6/8/91, Robin just stayed in bed and complained of pain in her chest and face. That on Saturday, on 6/8/91, at about 11:00 a.m., I called 911 and had Robin taken to the hospital. I told the police and fire department along with Robin that Robin had fallen down the stairs at the Hotel Hooker and had gotten injured. The truth is that Robin was injured from me punching her during our fight on or about 6/6/91 at the Hotel Hooker, Willimantic Connecticut. That on 6/10/91, at approximately 4:00 p.m., I walked to the Willimantic police department and spoke with detectives Griswold and Winkler about the fight with my wife on or about 6/6/91 and gave this two page written statement. That I also hit her on the side of the body once. I have read the above statement and find it to be the truth to the best of my knowledge. I will testify in court under oath to the facts therein. I understand that I may be criminally charged under the provisions of CGS section 53a-167 for intentionally making a false written statement herein."

[4] General Statutes § 53a-19 provides in pertinent part: "[A] person is justified in using reasonable physical force upon another person to defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force, and he may use such degree of force which he reasonably believes to be necessary for such purpose . . . ."

General Statutes § 53a-16.[5] Negating a defense, other than an affirmative defense, becomes part of the state's burden of proof once the defense is raised at trial. General Statutes § 53a-12 (a).

The state contends that we should not entertain this issue because the defendant failed to comply with Practice Book § 852, which provides that this court "shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. Upon request, opportunity shall be given to present the exception out of the hearing of the jury." We disagree with the state.

"The defendant must provide the trial court with the factual and legal basis for the charge before an appellate court can find error in the court's refusal to give the charge as requested." *State* v. *Robinson,* 14 Conn. App. 40, 45–46, 539 A.2d 606, cert. denied, 488 U.S. 899, 109 S. Ct. 244, 102 L. Ed. 2d 233 (1988). Practice Book § 854 provides that "[w]hen there are several requests, they shall be in separate and numbered paragraphs, each containing a single proposition of law clearly and concisely stated with the citation of authority upon which it is based, and the evidence to which the proposition would apply. . . ."

This case differs from *State* v. *Hall,* 213 Conn. 579, 569 A.2d 534 (1990), where our Supreme Court determined that the defendant did not deserve a charge on negligent homicide as a lesser included offense because the defendant failed to specify in his request to charge

---

[5] General Statutes § 53a-16 provides: "In any prosecution for an offense, justification, as defined in sections 53a-17 to 53a-23, inclusive, shall be a defense."

the facts that would have justified the instruction on the defendant's failure to "perceive a substantial and unjustifiable risk" of the victim's death. Id., 592. Without such facts, the charge referred to the general events leading to the victim's death, these events being applicable not only to the crime of negligent homicide but also to the greater offenses of murder, manslaughter in the first degree and manslaughter in the second degree.

Here, the state's evidence of the assault also indicated that the victim hit the defendant first. This fact went to the issue of self-defense and was not relevant to the basic elements of assault in the second degree as defined in General Statutes § 53a-60 (a) (1). Defense counsel stated during his objection to the introduction of evidence of a previous incident where the defendant had hit the victim that "the statement [that the victim hit the defendant first in this matter] on its face presents a defense. It shows self-defense. It's up to the jury to determine whether the force used was excessive. But at least that defense is before the court with the state's evidence that has been presented." There could be no confusion on the court's part as to the evidence on which the request to charge was based.

In addition, the defendant excepted to the charge. Notwithstanding the defendant's exception, the state contends that it was not sufficient to preserve the claim for appellate review. "[A] trial court's instructions to the jury will not be considered as error on appeal if the exception taken was insufficient adequately to apprise the court of the deficiency in the charge in a manner which would permit the court to make a correction." (Internal quotation marks omitted.) *State* v. *Cook*, 8 Conn. App. 153, 156, 510 A.2d 1383 (1986). We conclude, however, that the defendant's exception was sufficient adequately to apprise the court of the deficiency in the charge in a manner that would permit the court

to make a correction. The defendant made a timely exception to the trial court's refusal to charge the jury on self-defense.

"The requirement that the claim made by the exception be raised distinctly means that it must be so stated as to bring to the attention of the court the precise matter on which its decision is being asked. . . . The purpose of the rule requiring that an exception be taken that distinctly states the objection and the grounds therefor is to alert the court to any claims of error while there is still an opportunity for correction." (Citations omitted; internal quotation marks omitted.) *State* v. *Utz*, 201 Conn. 190, 207, 513 A.2d 1191 (1986). The following timely exception was made by the defendant's counsel:

"[Defense Counsel]: May I have an exception to the court's failure to charge my fourth request to charge, self-defense?

"The Court: You may have an exception.

"[Defense Counsel]: Thank you.

"The Court: I don't feel it was proven."

It is evident from this exchange, especially in light of defense counsel's previous statement during the objection to the introduction of evidence of the defendant's prior misconduct, that the trial court understood that the defendant was objecting because he believed the defense had satisfied its burden of showing that enough evidence to support an instruction on self-defense had been presented to the court. Therefore, while usually counsel must explicitly state the grounds for an exception, the purpose for that rule has been satisfied in this case because the trial court understood the ground for the objection.

Furthermore, Practice Book § 852 does not require that we refuse to address this claim because it states that this court "shall not be bound" to consider this matter if a proper request to charge or timely objection is not properly made. While we would prefer it if the defendant's counsel had drafted a more thorough request to charge, or if he had made a more specific exception, we will review this claim because the defendant substantially complied with the requirements of Practice Book § 852 and the court understood the grounds for the objection. There is no need to hold the defendant to the strict requirement where, as here, the purpose of the rule has been satisfied.

Turning to the merits of the defendant's claim, "a defendant is entitled to have instructions presented relating to any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Belle,* 215 Conn. 257, 275, 576 A.2d 139 (1990). "Before an instruction is warranted, however, [a] defendant bears the initial burden of producing sufficient evidence to inject self-defense into the case. . . . To meet that burden, the evidence adduced at trial, whether by the state or the defense, must be sufficient to raise a reasonable doubt in the mind of a rational juror as to whether the defendant acted in self-defense." (Citation omitted; internal quotation marks omitted.) *State* v. *Lewis,* 220 Conn. 602, 619, 600 A.2d 1330 (1991). "Once the defense is properly raised, the jury must be instructed that the state bears the burden of disproving it beyond a reasonable doubt. *State* v. *Cassino,* 188 Conn. 237, 241, 449 A.2d 154 (1982). The narrow issue before us, therefore, is whether the defendant presented sufficient evidence to 'raise' the issue at trial. The threshold is not high. The instruction must be given if there is *any* foundation in the evidence for the defense theory; *State* v.

*Belle,* supra, 275; and we must view the evidence in the light most favorable to the defendant. *State* v. *Havican,* 213 Conn. 593, 595, 569 A.2d 1089 (1990); *State* v. *Cassino,* supra, 239. The jury, however, must have before it enough evidence to raise a question of fact without resorting to guess and speculation." (Emphasis in original; internal quotation marks omitted.) *State* v. *Tyson,* 23 Conn. App. 28, 32–33, 579 A.2d 1083, cert. denied, 216 Conn. 829, 582 A.2d 207 (1990).

The state relied on the defendant's statement to the police to prove elements of the crime of assault in the second degree. Neither the defendant nor the victim testified at trial. In his statement to the police, the defendant explained that before he hit his wife, she had struck him. This evidence suggests that the victim was the initial aggressor and since they were in their apartment when she hit him, there was no duty for him to retreat. *State* v. *Bailey,* 209 Conn. 322, 339–40, 551 A.2d 1206 (1988). Whether the evidence was sufficient to find the defendant was justified pursuant to General Statutes §§ 53a-19 and 53a-16 was a question for the jury to decide. The trial court improperly refused to instruct the jury on the issue of self-defense. Thus, the defendant is entitled to a new trial.

## II

The defendant argues, and the state concedes, that the trial court improperly accepted the defendant's nolo contendere plea to being a persistent serious felony offender under General Statutes § 53a-40 without advising the defendant of the nature of the charge or the constitutional rights relinquished by making such a plea and without ensuring that the plea was knowingly and voluntarily made as required by the Connecticut and federal constitutions and our rules of practice. *Boykin* v. *Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State* v. *Badgett,* 220 Conn. 6,

595 A.2d 851 (1991); *State* v. *Childree,* 189 Conn. 114, 454 A.2d 1274 (1983); see Practice Book §§ 711 and 712.

Notwithstanding the agreement of the parties, we need not reach the merits of this claim. "A person accused of being a persistent dangerous felony offender is not charged with a crime separate from the substantive crime which forms the first part of the indictment against him. . . . The only function of the separate judicial proceeding on the defendant's status as a persistent dangerous felon is to permit an enhanced sentence for conviction of the underlying substantive crime." (Citations omitted.) *State* v. *Fullwood,* 194 Conn. 573, 587, 484 A.2d 435 (1984). Because the defendant's persistent offender status is dependent on his conviction of assault in the second degree, which we are reversing, we must reverse the determination that the defendant is a persistent serious felony offender as well.

### III

The defendant finally argues that evidence of his prior assaultive behavior toward the victim was improperly admitted. Although this evidence may be offered against the defendant on retrial, we decline to review this claim because the defendant raises a different claim on appeal than he raised in the trial court.

At trial, the state offered a written statement the defendant gave to the police as evidence of an altercation between the defendant and his wife in May, 1990, which was similar to the one at issue.[6] That evidence was offered to prove the defendant's intent to inflict serious physical injury. At trial the defendant objected to the admission of his written statement concerning the May, 1990 incident arguing that his due process

---

[6] At the time of the incident in May, 1990, the defendant and the victim were not married.

rights were violated because he was not able to cross-examine his wife about that incident. On appeal, however, the defendant claims that the admission of his written statement was a violation of his right to a fair trial because the evidence was unduly prejudicial as it permitted the jury to speculate that his prior assault on the victim indicated that he was guilty of assault a second time.

Parties challenging on appeal a trial court's actions are limited to the authority and grounds for objections that were presented at trial. *State* v. *Brice,* 186 Conn. 449, 457, 442 A.2d 906 (1982); *State* v. *Anderson,* 28 Conn. App. 833, 844, 614 A.2d 438 (1992). "We are not bound to consider claims that are not distinctly raised at trial. Practice Book § 4185. Review of evidentiary rulings is limited to the specific ground raised on the objection." *State* v. *Anderson,* supra. The defendant raised a different claim of admissibility at trial than he does on appeal. Thus, we decline to review this claim because it was not raised before the trial court.[7]

The judgment is reversed and the case is remanded for a new trial.

In this opinion FOTI, J., concurred.

HEIMAN, J., concurring in part and dissenting in part. I respectfully dissent. Although I agree with the majority that the case must be reversed and remanded because of the trial court's failure to comply with our rules of practice concerning the proper canvassing of a plea of nolo contendere,[1] that the sentence must be

---

[7] The defendant has not asked us to review this claim under *State* v. *Evans,* 165 Conn. 61, 372 A.2d 576 (1973), and *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989), and we decline to do so.

[1] Practice Book § 711 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

vacated because of the sentence enhancement provisions of the persistent offender section of the statute, and that we should not review the defendant's claim that the trial court improperly admitted evidence of the defendant's alleged prior assaultive misconduct, I would not reverse the judgment of conviction, rendered after a jury trial, of assault in the second degree in violation of General Statutes § 53a-60 (a) (1) because of the trial court's failure to instruct the jury on self-defense.

---

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

Practice Book § 712 provides: "The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his counsel."

Practice Book § 713 provides: "The judicial authority shall not accept a plea of guilty unless he is satisfied that there is a factual basis for the plea."

As the state concedes, the trial court did not properly canvass the defendant in accordance with the above cited rules of practice. The extent of the canvass was as follows:

"[Defense Counsel]: First matter we have, Your Honor, is part 2 of the information charging [the defendant] with being a subsequent felony offender and I have a written plea of nolo contendere to that.

"[The Court]: All right. Is it in proper form, [defense counsel]?

"[Defense Counsel]: Appears to be, Your Honor.

"[The Court]: All right. The nolo contendere plea is accepted. Make a finding of guilty."

I disagree with the majority that we should review the defendant's claim that the trial court improperly refused to instruct the jury on self-defense. I believe that the defendant did not properly preserve this claim for review because his written request for an instruction on the issue of self-defense and his oral objection and exception following the trial court's denial of his request were substantively inadequate. As an appellate tribunal, either we adhere to the letter of the rules or create judicial anarchy, whereby, on an ad hoc basis, we decide cases, the outcome of which will turn on the mindset of the panel hearing the appeal. See *Osborne* v. *Osborne,* 2 Conn. App. 635, 639, 482 A.2d 77 (1984).

Practice Book § 852 provides in pertinent part that we "shall not be bound to consider error as to the giving of, or failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. . . ." Practice Book § 854 delineates the requirements for a proper written request to charge. It provides in pertinent part: "When there are several requests, they shall be in separate and numbered paragraphs, each containing a single proposition of law *clearly and concisely stated with the citation of authority upon which it is based, and the evidence to which the proposition would apply. . . .*" (Emphasis added.) The majority correctly acknowledges that " '[a] defendant must provide the trial court with the factual and legal basis for the charge before an appellate court can find error in the court's refusal to give the charge as requested.' *State* v. *Robinson,* 14 Conn. App. 40, 45–46, 539 A.2d 606, cert. denied, 488 U.S. 899, 109 S. Ct. 244, 102 L. Ed. 2d 233 (1988)."

My disagreement with the majority is twofold. My first concern is that the defendant failed to provide in

his request to charge a proper factual predicate for the trial court to provide instruction as to self-defense. The request as submitted did not meet the requirements of a proper written request to charge. Our Supreme Court has said that while we should not be unyielding in our adherence to rules of procedure where the ends of justice would be disserved, the "ever increasing refinement of our law justifies cooperation of counsel in stating requests for jury instruction. The minor burden of cooperation imposed by [Practice Book § 854] is neither unreasonable nor novel." (Internal quotation marks omitted.) *State* v. *Hall,* 213 Conn. 579, 593, 569 A.2d 534 (1990). In that case, our Supreme Court held that in the context of a written request to charge on a lesser included offense, the requirement of § 854 is met only if the proposed request contains "such a complete statement of essential facts as would have justified the court in charging in the form requested." (Internal quotation marks omitted.) Id., 591. The rules of practice require that the defendant provide a complete statement of all the essential facts as would have justified the court charging the jury as requested. *State* v. *Livingston,* 22 Conn. App. 216, 224, 577 A.2d 734, cert. denied, 216 Conn. 812, 580 A.2d 63 (1990). I believe that the trial court in this case was not properly apprised of the specific facts that would entitle the defendant to an instruction on self-defense. *State* v. *Wynter,* 19 Conn. App. 654, 667–68, 564 A.2d 296, cert. denied, 213 Conn. 802, 567 A.2d 834 (1989) (failure of defendant to provide in his request the facts and propositions of law relied on for an instruction on a lesser included offense justify the court's decision to deny the request to charge).[2]

[2] The requirements of Practice Book § 854 apply not only in the context of requests to charge on a lesser offense, but also to requests to charge on defenses. *State* v. *Jacobs,* 194 Conn. 119, 128–29, 479 A.2d 226 (1984), cert. denied, 469 U.S. 1190, 105 S. Ct. 963, 83 L. Ed. 2d 968 (1985) (defendant must comply with Practice Book § 854 to obtain a request to charge

My second concern is that defense counsel's exception did not adequately provide the trial court and this court with an offer that distinctly raised the matter objected to and the *factual and legal ground for that objection.* While the court seems to take the position that the defendant complied with the spirit of the rule of practice, I think our case law requires a stricter compliance with the letter of the rule. See *State* v. *McIntosh,* 199 Conn. 155, 161, 506 A.2d 104 (1986) (concerning proposed instruction on lesser included offense). While we construe the rules of practice liberally; Practice Book §§ 6 and 4187; we do not treat them as abandoned or of no consequence.

Having concluded that the defendant failed to request properly that the trial court charge the jury on self-defense, I also conclude that the defendant cannot prevail on his unpreserved claim that the trial court's refusal to charge on self-defense amounted to a deprivation of his constitutional rights. The defendant cannot satisfy the third prong of *State* v. *Golding,* 213 Conn. 233, 240, 567 A.2d 823 (1989), that the alleged violation of a constitutional right clearly exists and clearly deprived him of a fair trial. The defendant was not precluded from raising a defense. The defendant cannot "wholly ignore established procedures for the protection of [his] rights . . . and hope to receive on appeal the same treatment accorded to those who follow the rules of practice." *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 518, 508 A.2d 415 (1986); *Naftzger* v. *Naftzger & Kuhe, Inc.,* 26 Conn. App. 521, 525, 602 A.2d 606 (1992). The defendant was afforded the right and opportunity to raise properly the defense of justification or self-defense. He failed, however, to follow the relatively

on the defense of intoxication); *State* v. *Hopes,* 26 Conn. App. 367, 372, 602 A.2d 23, cert. denied, 221 Conn. 915, 603 A.2d 405 (1992) (defendant must comply with Practice Book § 854 to obtain a request to charge on the defense of duress).

simple rules that set forth the methodology for appropriately raising that defense. Because of this failure, we are free to decline to afford review of the unpreserved claim. *State* v. *Andrews,* 29 Conn. App. 533, 537, 616 A.2d 1148 (1992), cert. denied, 224 Conn. 924, 618 A.2d 531 (1993).

I agree that the case needs to be remanded because of the trial court's failure to canvass properly the defendant's plea of nolo contendere to the charge of being a persistent serious felony offender. I am also convinced that the claim that the trial court did not act properly in allowing into evidence the prior acts of misconduct by the defendant against the victim should not be reviewed. I am, however, unpersuaded that the action of the trial court in declining to charge the jury on a request to charge that did not satisfy the rules of practice was improper. Accordingly, I would vacate the sentence because the sentence was permitted to be enhanced on the conviction of being a persistent offender, and remand the case for further proceedings as to the charge of being a persistent serious felony offender, and, upon completion of those proceedings, for resentencing on the second degree assault conviction.