### STATE OF CONNECTICUT *v.* TERRY RICHARDSON
### (13045)

Heiman, Spear and Hennessy, Js.

Argued December 4, 1995—decision released March 5, 1996

*Ellen A. Jawitz*, with whom, on the brief, was *Alexander H. Schwartz*, for the appellant (defendant).

*Robert J. Scheinblum*, deputy assistant state's attorney, with whom, on the brief, was *James E. Thomas*, state's attorney, for the appellee (state).

SPEAR, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (2)[1] and 53a-8,[2] and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 (a)[3] and 53a-134 (a) (2). He claims that the trial court violated his constitutional due process rights by denying his request to instruct the jury on the defense of renunciation pursuant to General Statutes § 53a-10.[4]

---

[1] General Statutes § 53a-134 (a) provides in pertinent part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (2) is armed with a deadly weapon . . . ."

[2] General Statutes § 53a-8 (a) provides: "A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

[3] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[4] General Statutes § 53a-10 provides: "(a) In any prosecution in which the criminal liability is based upon the conduct of another person under section

We affirm the conviction on the charge of conspiracy to commit robbery but reverse the conviction on the charge of robbery and remand the case to the trial court for a new trial on that charge.

The jury could reasonably have found the following facts. On May 18, 1992, the defendant met with Charles Devorce and Thomas Johnson to plan the robbery of the Grocki Insurance Agency in New Britain. Shortly after planning the robbery, Johnson drove all three men to New Britain to carry out their plan. The three men agreed that Devorce and Johnson, both armed, would enter the insurance agency and execute the robbery while the defendant would be responsible for driving the getaway car after the commission of the crime.

Johnson stopped the car on Oak Street in New Britain about one block from the insurance agency. He instructed the defendant to park the car in front of a greenhouse on Oak Street and to wait there for Devorce and Johnson. Devorce and Johnson then loaded their guns as the defendant moved into the driver's seat. Devorce and Johnson entered the insurance agency and stole, at gunpoint, money from the agency's money bag and took money from Leo Grocki, his brother, his niece and Janet Lynch. When Devorce and Johnson realized that Grocki's brother had escaped from the building, they fled out the back door. Grocki chased after the

53a-8, it shall be a defense that the defendant terminated his complicity prior to the commission of the offense under circumstances: (1) Wholly depriving it of effectiveness in the commission of the offense, and (2) manifesting a complete and voluntary renunciation of his criminal purpose.

"(b) For purposes of this section, renunciation of criminal purpose is not voluntary if it is motivated, in whole or in part, by circumstances, not present or apparent at the inception of the actor's course of conduct, which increase the probability of detection or apprehension or which make more difficult the accomplishment of the criminal purpose. Renunciation is not complete if it is motivated by a decision to postpone the criminal conduct until a more advantageous time or to transfer the criminal effort to another but similar objective or victim."

two men on foot. Devorce and Johnson ran past the place where the defendant was parked, but did not enter the getaway car because Grocki was too close behind them. The defendant was parked about forty to fifty yards away from where the three men had agreed the defendant would be waiting.

Grocki stopped his pursuit for a moment to tell James White, a postman, that he had just been robbed by the two men whom he was chasing. White followed Grocki down Oak Street in his postal truck. As White chased the two men, he saw Grocki's brother who motioned to him that the two men had turned onto LaSalle Street. Devorce and Johnson then turned onto Wilcox Street. Devorce began running through bushes while Johnson continued running down the middle of the street. After White yelled at Johnson to "give it up," Johnson turned and fired a shot. The bullet shattered the window of the postal truck and struck White's arm. The defendant heard White yell at Johnson and saw Johnson fire his weapon at White. The defendant then abandoned his confederates and fled the scene in the getaway car.

The defendant claims that the trial court improperly denied his request to instruct the jury on the defense of renunciation to both the charge of robbery and conspiracy to commit robbery. He further claims that the court's refusal to instruct violated his constitutional due process rights.

Due process affords criminal defendants the fundamental right to establish a defense. *State* v. *Belle*, 215 Conn. 257, 273, 576 A.2d 139 (1990). "If the defendant asserts a recognized legal defense and the evidence indicates the availability of that defense, such a charge is obligatory and the defendant is entitled, as a matter of law, to a theory of defense instruction." (Internal quotation marks omitted.) *State* v. *Carter*, 232 Conn. 537, 545, 656 A.2d 657 (1995). It is well established,

however, that this right to a jury instruction is limited to only those theories of defense "for which there is any foundation in the evidence, even if weak or incredible." *State* v. *Adams*, 225 Conn. 270, 283, 623 A.2d 42 (1993); *State* v. *Havican*, 213 Conn. 593, 597, 569 A.2d 1089 (1990); *State* v. *Fuller*, 199 Conn. 273, 278, 506 A.2d 556 (1986). In determining whether any such foundation exists, "[w]e must consider the evidence presented at trial in the light most favorable to supporting the defendant's request to charge." *State* v. *Adams*, supra, 283; *State* v. *Fuller*, supra, 279. The trial court, however, should not submit to the jury a defense where the facts in evidence do not support such a defense. See *State* v. *Adams*, supra, 283; *State* v. *Rodgers*, 198 Conn. 53, 56, 502 A.2d 360 (1985).

The issue on appeal is whether, in viewing the evidence most favorable to the defense theory, there existed any foundation in the evidence that supports the theory of renunciation. After a careful review of the record, we conclude that there was sufficient evidence to support an instruction on renunciation as to the robbery charge, but insufficient evidence to support an instruction as to the conspiracy charge.

The defendant's criminal liability as to the robbery charge is based solely on his role as an accomplice pursuant to § 53a-8.[5] Our legislature has recognized renunciation as an available defense to accomplice liability. Section 53a-10 (a) provides in pertinent part that "it shall be a defense that the defendant terminated his complicity prior to the commission of the offense under circumstances: (1) Wholly depriving it of effectiveness in the commission of the offense, and (2) manifesting a complete and voluntary renunciation of his criminal purpose."

---

[5] See footnote 2.

"Renunciation generally requires not only desistance, but more active rejection, and usually contains specific subjective requirements, such as a *complete* and *voluntary* renunciation. . . . Connecticut has patterned its criminal code after the Model Penal Code, which permits the defense only if the defendant terminates his complicity by, inter alia, *wholly depriving* his complicity of its effectiveness in the commission of the offense. . . . A mere change of heart or flight from the crime scene does not establish the defense of renunciation. Rather, it is necessary that the defendant accomplice both repudiate his prior aid and deprive that aid of effectiveness. . . . Under Connecticut law, for a charge on the defense of renunciation to be warranted, there must be evidence not only that the defendant completely and voluntarily renounced his participation in the crime, but also that he did so in such a way as wholly to deprive or neutralize his participation of its effectiveness." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Adams*, supra, 225 Conn. 284–85.

We conclude that there exists a foundation in the evidence that the defendant took the requisite steps prior to the commission of the robbery to deprive his complicity of its effectiveness. The defendant testified at trial that "as soon as [Devorce and Johnson] got out of sight, I jumped in the front seat and took off" because "I didn't want any part of it." He further testified that he went to a bar after leaving the area. Furthermore, Devorce and Johnson both testified that they did not see the defendant on the day of the robbery after they exited the car and entered the insurance agency. We do not evaluate the credibility of these witnesses, but instead examine whether there was *any* evidence to support an instruction on the defense of renunciation. We leave the function of gauging credibility and weighing evidence to the jury. See, e.g., *State* v. *Figue-*

*roa*, 235 Conn. 145, 179, 665 A.2d 63 (1995). Whether the evidence introduced was, in fact, sufficient to find that the defendant renunciated his participation is a question for the jury, not the trial court, to decide. See *State* v. *Deptula*, 31 Conn. App. 140, 148, 623 A.2d 525 (1993), appeal dismissed, 228 Conn. 852, 635 A.2d 812 (1994). We conclude, therefore, that there existed a foundation in the evidence that required the trial court to instruct the jury on the defense of renunciation as to the robbery charge. The trial court's failure to instruct on the defense constitutes a cause for reversal.

Pursuant to General Statutes § 53a-48 (b), renunciation is also an available defense to a charge of conspiracy. Section 53a-48 (b) provides that "[i]t shall be a defense to a charge of conspiracy that the actor, after conspiring to commit a crime, thwarted the success of the conspiracy, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose." The defendant claims in his brief that he thwarted the success of the conspiracy by "driving away" and thereby "depriv[ing] Devorce and [Johnson] of the quick getaway that might have made the robbery a success." We disagree.

"The means required to thwart the success of a conspiracy will of course vary in particular cases, and it would be impractical to endeavor to formulate a more specific rule. As a general matter, timely notification to law enforcement authorities will suffice . . . ." I A.L.I., Model Penal Code and Commentaries (1985) § 5.03 (6), p. 458. In the present case, the evidence demonstrates that the defendant took no steps to thwart the success of the conspiracy. He did not notify the police, nor did he, in any way, urge Devorce and Johnson to desist from their criminal purpose. His alleged act of driving away, though relevant to the issue of whether he had terminated his complicity, is irrelevant to the issue of whether he thwarted the success of the

conspiracy because his flight from the scene in no way served to prevent the actual commission of the robbery. Because there exists no evidence that the defendant thwarted the success of the conspiracy, the trial court acted properly in not instructing the jury on the defense of renunciation as to the conspiracy charge.[6]

The judgment is reversed in part and the case is remanded for a new trial on the charge of robbery in the first degree.

In this opinion the other judges concurred.

---

[6] Pursuant to General Statutes § 53a-48 (a), the crime of conspiracy is complete upon an agreement between two or more persons and the commission of an overt act by one of the conspirators in furtherance of that agreement. Because there was no evidence that the defendant thwarted the success of the conspiracy, he cannot avail himself of the benefit of § 53a-48 (b). We, therefore, need not address the issue of whether § 53a-48 (b) affords defendants the defense of renunciation when the crime of conspiracy has been completed.