STATE OF CONNECTICUT *v.* ROBERT C. MILLER
(AC 18158)

O'Connell, C. J., and Hennessy and Healey, Js.

Argued March 3—officially released October 12, 1999

Theresa M. Dalton, assistant public defender, for the appellant (defendant).

Ronald G. Weller, assistant state's attorney, with whom, on the brief, were Michael Dearington, state's attorney, and James R. Dinnan, assistant state's attorney, for the appellee (state).

Opinion

HENNESSY, J. The defendant, Robert C. Miller, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a (a), carrying a pistol without a permit in violation of General Statutes § 29-35 and attempt to commit larceny in the third degree in violation of General Statutes §§ 53a-49 and 53a-124 (a) (1). On appeal, the defendant claims that the trial court improperly refused to instruct the jury on self-defense. We reverse the judgment of the trial court and remand for a new trial.[1]

The following procedural history is necessary to the resolution of this appeal. The defendant did not testify at trial, nor were there any eyewitnesses to the shooting. The state, however, offered into evidence a written statement by the defendant describing the facts surrounding the shooting at issue. The defendant submitted a request to charge and a supplemental request to

---

[1] The defendant also claims that the trial court improperly (1) denied his motions to excuse potential jurors for cause and denied his request for additional peremptory challenges and (2) refused to instruct the jury on extreme emotional disturbance. Because we conclude that the court abused its discretion in failing to instruct the jury on self-defense and remand this case for a new trial, we need not address those claims.

charge on the issue of self-defense, citing his signed statement to the police as the basis for this request. The court declined to give the charge, stating, "I do not think the evidence in this case supports in any way the claim of self-defense." The court further stated, "I do not think that this evidence indicates in any way a self-defense issue. If characterized, it would be characterized as some type of an accidental shooting. When there was a struggle after the victim pulled out a gun, there was a struggle and in the course of the struggle the victim ended up shooting himself."

The defendant claims that the trial court's refusal to instruct on self-defense was improper and harmful. The defendant argues that his statement, which was introduced into evidence by the state and read to the jury, supports an instruction on self-defense. The defendant further argues that the physical evidence introduced at trial also supports his request for an instruction on self-defense.

The state responds that the defendant was not entitled to a self-defense instruction because his statement of the facts surrounding the death of the victim establishes an unintentional or accidental shooting rather than an intentional shooting. The state argues that because a claim of unintentional or accidental killing is not a defense that legally justifies or mitigates intentional criminal misconduct, the only defense to which the defendant was entitled was a claim of innocence, namely, that he did not intend to kill the victim. The state further argues that the facts set forth in the defendant's statement "must present sufficient evidence that [the defendant] intended to kill the victim" for the defendant to assert the justification of self-defense.

At the outset, we reject the state's argument that the defendant must admit that he intended to kill the victim to assert the justification of self-defense. This court

rejected that same argument in *State* v. *Folson*, 10 Conn. App. 643, 525 A.2d 126 (1987). We noted that "[t]o compel a defendant to admit guilt in order to invoke a defense effectively relieves the prosecution of proving his guilt beyond a reasonable doubt and frustrates the assertion of the defense itself and undermines its policy." (Internal quotation marks omitted.) Id., 649; see *State* v. *Harris*, 189 Conn. 268, 273, 455 A.2d 342 (1983).

In addition, we reject the state's argument that because the facts support a defense of unintentional or accidental shooting, the only defense to which the defendant was entitled was a claim of innocence. A defendant is permitted to present inconsistent defenses to a jury. *State* v. *Harris*, supra, 189 Conn. 272–73 (defendant asserted alibi defense and also attempted to show that gun used in commission of crime was toy gun incapable of firing shots, which is affirmative defense to charge of robbery in first degree). In *State* v. *Person*, 236 Conn. 342, 350, 673 A.2d 463 (1996) (en banc), our Supreme Court held that "no rule of law prevents a jury from being charged, when requested, on the defense of extreme emotional disturbance simply because the defendant has testified that he or she was not upset." Similarly, in this case, there is no rule of law preventing the jury from being charged on self-defense as requested by the defendant just because the evidence also would support a claim of innocence because the shooting was an accident. Therefore, the issue on appeal is whether the evidence presented warranted an instruction on self-defense.

"If the defendant asserts a recognized legal defense and the evidence indicates the availability of that defense, such a charge is obligatory and the defendant is entitled, as a matter of law, to a theory of defense instruction. . . . [A] defendant is entitled to have instructions presented relating to any theory of defense for which there is any foundation in the evidence, no

matter how weak or incredible . . . . A fundamental element of due process is the right of a defendant charged with a crime to establish a defense." (Citations omitted; internal quotation marks omitted.) *State* v. *Folson*, supra, 10 Conn. App. 646–47.

"Self-defense is a recognized defense; see General Statutes § 53a-19; which may be raised by way of justification pursuant to General Statutes § 53a-16. With respect to the burden of proof, [w]hen a defense other than an affirmative defense, is raised at a trial, the state shall have the burden of disproving such defense beyond a reasonable doubt. General Statutes § 53a-12 (a). Therefore, the defendant was entitled to have the matter submitted to the jury if there was sufficient evidence presented at trial to raise a reasonable doubt concerning justification. . . . In reviewing the trial court's failure to charge as requested, we must adopt the version of facts most favorable to the defendant which the evidence would reasonably support." (Citation omitted; internal quotation marks omitted.) *State* v. *Folson,* supra, 10 Conn. App. 647.

The following facts are supported by the defendant's statement. The defendant was driving an automobile south on Interstate 91 at approximately seventy miles per hour with the victim in the passenger seat. Upset about not being paid a gambling debt owed to him by the victim, the victim started to argue with the defendant. A short time later, the victim pulled out a gun from the backseat and displayed it to the defendant. The victim then put the gun on the defendant's thigh. The defendant told the victim to "chill." The victim then "cocked back the gun, pulling a slide back, and the gun made a noise like it was loaded and ready to fire." The defendant claims that "[t]his made [him] scared, very scared." The victim then put the gun against the defendant's head, called him a "bitch" and said, "I can finish

you." The victim punched the defendant in the ribs and hit him in the head with the cocked gun.

The defendant, fearing that the victim was going to shoot him, took both hands off the steering wheel and started "tussling" with the victim. As they fought, the gun went off two or three times. The automobile then crashed. The defendant, noticing that the victim had been shot, removed the victim from the automobile and went for help. The defendant claimed that "[a]t no time did I have the gun in only my hands—each time the gun went off is when we struggled over it." The defendant claimed that he was scared and "[he] never meant to kill [the victim, he] just wanted to get the gun away from him."

Adopting the version of the facts most favorable to the defendant, we conclude, based on the defendant's statement, that the evidence presented was sufficient to raise a reasonable doubt concerning justification. The fact that the defendant claims that the victim threatened him with a gun, "cocked" the gun, held the gun to the defendant's head and said, "I can finish you," is sufficient foundation for a self-defense theory. In addition, the evidence supports the fact that the defendant believed that the gun was loaded and ready to fire. He claims that he was scared and feared that the victim was going to shoot him. The defendant was so afraid that he took his hands off the steering wheel to struggle with the victim over the gun while driving seventy miles per hour on the highway and ultimately crashed the automobile. We note that "[t]he threshold is not high. The instruction must be given if there is *any* foundation in the evidence for the defense theory." (Emphasis in original; internal quotation marks omitted.) *State* v. *Deptula*, 31 Conn. App. 140, 147, 623 A.2d 525 (1993), appeal dismissed, 228 Conn. 852, 635 A.2d 812 (1994). The fact that several shots were fired and that there was a struggle is evidenced by shell casings and bullet

holes in several areas of the automobile, and powder burns on the hands of both the victim and the defendant. The ultimate question of whether the defendant was justified is a question for the jury to decide. See id., 148.

We note that the fact that the defendant stated in his written statement that he never meant to kill the victim does not mean that he forgoes his right to have a jury instruction on self-defense. See *State* v. *Person,* supra, 236 Conn. 347–48. "It is for the jury to evaluate the credibility of the witnesses and the weight to be accorded the evidence. . . . The jury is free to juxtapose conflicting versions of events and to determine which is more credible. . . . [T]he [jury] can disbelieve any or all of the evidence . . . and can construe [the] evidence in a manner different from the parties' assertions. . . . Therefore, because the jury was free to disbelieve the defendant's testimony, his assertions therein did not preclude a jury instruction . . . ." (Citations omitted; internal quotation marks omitted.) Id.

We conclude that there was sufficient evidence presented to warrant a self-defense instruction and, therefore, the trial court improperly denied the defendant's request for such an instruction. As such, the defendant is entitled to a new trial.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.