## STATE OF CONNECTICUT *v.* X-SHANTI LUCKY
### (AC 22543)

Schaller, West and Peters, Js.

Argued October 21—officially released December 10, 2002

*Frank P. Cannatelli,* for the appellant (defendant).

*Timothy J. Sugrue,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Melanie L. Cradle,* deputy assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, X-Shanti Lucky, appeals from the judgment of conviction, rendered after a jury trial, of risk of injury to a child in violation of General Statutes (Rev. to 1999) § 53-21 (1) and assault in the third degree in violation of General Statutes § 53a-61 (a) (1). On appeal, the defendant claims that the trial court abused its discretion by not permitting him to put into evidence (1) a court approved visitation agreement allowing him to see his child and (2) a tape-recorded conversation he had with the police.[1] We affirm the judgment of the trial court.

The jury reasonably could have found the following relevant facts. The incident that gave rise to the charges against the defendant occurred on July 13, 2000. The defendant went to the home of Jenel McClure, the mother of his then four year old son, intending to spend

---

[1] At the time of oral argument before this court, the defendant withdrew his claims related to postconviction bail and release pending appeal.

time with the child. When he arrived at the home, McClure and the child were in her motor vehicle, attempting to exit the driveway. The defendant used his vehicle to block the exit. McClure eventually drove over grass to leave for an appointment. The defendant followed in his vehicle, which he operated in such a way as to strike McClure's vehicle in an effort to force it from the roadway. The defendant followed McClure's vehicle from Hamden into New Haven. Eventually, McClure was compelled to bring her vehicle to a halt at or near a traffic control device at the intersection of Edgewood Avenue and Ella T. Grasso Boulevard in New Haven.

The defendant also stopped his vehicle, which he exited, and approached McClure's vehicle. McClure had locked the doors of her vehicle, but was unable to close the windows before the defendant reached through an open window, unlocked the door and removed the child. McClure exited her vehicle in an effort to take the child away from the defendant. The defendant pushed McClure away and placed the child on the passenger seat of his vehicle. McClure was able to force her way, in part, onto the operator's seat of the defendant's vehicle before the defendant accelerated the vehicle onto the grass median. One of McClure's legs was hanging outside the open door, and she clung to the steering wheel to keep from falling while the vehicle moved. The defendant then stopped his vehicle, struck McClure in the head and bit her cheek and hand.

A passerby directed a New Haven police officer to the scene of the altercation. The officer, Salvedor Rodriguez, observed McClure's facial injuries. After speaking with both the defendant and McClure, Rodriguez arrested the defendant. McClure's injuries were treated at the scene. Medical personnel described teeth marks on the woman's cheek that were visible and that pierced the skin. The child was not physically injured.

The court sentenced the defendant to eight years in prison, suspended after three years, and three years of probation with special conditions. The defendant appealed.

The defendant's appellate claims are evidentiary in nature. We set forth the standard of review for such claims. We review claims related to the court's evidentiary rulings under an abuse of discretion standard. "We will disturb the court's evidentiary rulings only upon a showing that the ruling resulted in substantial prejudice or injustice to the defendant." (Internal quotation marks omitted.) *State* v. *McHolland*, 71 Conn. App. 99, 109, 800 A.2d 667 (2002). "Appellate review of evidentiary rulings is ordinarily limited to the specific legal issue raised by the objection of trial counsel. . . . In other words, [o]nce an objection has been made and the grounds stated, a party is normally limited on appeal to raising the same objection on the same basis as stated at trial." (Internal quotation marks omitted.) Id.

I

The defendant's first evidentiary claim is that the court abused its discretion by granting the state's motion in limine to preclude him from putting the court approved visitation agreement into evidence. We disagree.

Prior to the start of evidence, the state filed a motion in limine seeking to preclude the defendant from placing the visitation agreement into evidence. The defendant opposed the motion, claiming that the visitation agreement was relevant to his right to see the child on the day in question. The court granted the motion without prejudice, reasoning that the evidence concerning the defendant's right to visit with the child was not

relevant to the charges against him and would confuse the issues before the jury.

On appeal, the defendant claims that the court abused its discretion because he should have been permitted to use the visitation agreement to impeach McClure's credibility pursuant to § 6-5 of the Connecticut Code of Evidence. The state points out that, at trial, impeachment was not the basis of the defendant's objection to the motion in limine[2] and, therefore, the defendant's claim is not reviewable. We agree that the defendant's claim is not reviewable but will review it nonetheless because it is a matter of hornbook law.

Evidence is admissible only if it is relevant. "Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable." (Internal quotation marks omitted.) *State* v. *Abernathy*, 72 Conn. App. 831, 848, 806 A.2d 1139, cert. denied, 262 Conn. 924, 814 A.2d 379 (2002). We note that the court properly determined that the defendant's right to visit with his child was not relevant to the charges of assault in the third degree and risk of injury to a child, which arose out of his conduct during and immediately after the motor vehicle chase. Furthermore, as to the defendant's right to impeach McClure, "[t]he confrontation clause does not . . . suspend the rules of evidence to give the defendant the right to engage in unrestricted [impeachment]. . . . Only relevant evidence may be elicited through [impeachment]." (Internal quotation marks omitted.) Id., 837. The court, therefore, did not abuse its discretion.

---

[2] At trial, the defendant objected on the ground that the agreement was relevant to show that he had a right to visit with the child.

## II

The defendant's second evidentiary claim is that the court abused its discretion by not permitting him to put into evidence a tape-recorded conversation he had with the police. We are not persuaded.

The following facts are relevant to the defendant's claim. Prior to going to McClure's home to see the child, the defendant anticipated that there would be a problem. He therefore telephoned the Hamden police department, which recorded the conversation, to avoid any trouble seeing the child. The police, however, arrived at the home after McClure and the defendant had left in their respective vehicles. At trial, the defendant offered the tape recording to show bias and motive on the part of McClure. The court refused to put the tape recording into evidence, noting that the defendant could testify that he had called the police, and concluded that the recording would be cumulative. We agree.

On appeal, the defendant presented a different reason why the tape recording should have been admitted into evidence. He argues, essentially, that the recording would bolster his credibility by demonstrating his intent to abide by the law and conduct the visitation in a civil manner. The claim, therefore, is not reviewable because the claim on appeal relates to the defendant's credibility, while his claim at trial related to McClure's credibility. See *State* v. *Deptula*, 31 Conn. App. 140, 150, 623 A.2d 525 (1993), appeal dismissed, 228 Conn. 852, 635 A.2d 812 (1994).

The judgment is affirmed.

In this opinion the other judges concurred.