[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By Amended Petition dated September 30, 1998, the petitioner alleges that his confinement in the custody of the Commissioner of Corrections is unlawful on the basis of his claim in the First Count of said petition that he was rendered ineffective assistance of counsel in the underlying criminal trial and on the basis of his claim in the Second Count of said petition that he was rendered the ineffective assistance of appellate counsel in the appellate proceedings.
Following a jury trial in the Superior Court, Judicial District of New Haven at New Haven, the petitioner was convicted CT Page 16015 of two counts of Robbery in the 1st Degree; two counts of Larceny in the 3rd Degree; one count of Conspiracy to Commit Robbery; and one count of Conspiracy to Commit Burglary. On June 11, 1993, the petitioner was sentenced to a total effective sentence of forty years incarceration. The petitioner is presently an inmate in the custody of the Commissioner of Corrections, serving the imposed sentence.
In the underlying criminal proceedings, the petitioner was represented at the trial court level by Attorney Jerome Rosenblum. The petitioner asserts that Attorney Rosenblum rendered ineffective assistance of counsel by virtue of his failure, during a hearing on a Motion to Suppress, to adequately establish the chain of events that led to the seizure of narcotics from the petitioner, the ultimate arrest of the petitioner and the seizure, in a search incident to said arrest, of a certain ring that connected the petitioner to a Robbery of which he stands convicted. The petitioner claims that but for the ineffective assistance of counsel at the said suppression hearing it is reasonably probable that the result of the hearing on the Motion to Suppress and the trial would have been different.
In his testimony during the habeas trial, Attorney Rosenblum testified that he moved to suppress all evidence that was seized from the petitioner and all statements that were made by the petitioner. Attorney Rosenblum noted that the trial Judge (Stanley, J.) ruled against the petitioner on the Motion to Suppress. The trial court's decision for denying the Motion to Suppress is set forth in Exhibit #1, the trial transcript at pages 108 — 110.
Following his jury trial and conviction in the trial court, the petitioner took an appeal. The petitioner was represented by Attorney Kent Drager throughout the entire appeal. In September of 1995, the Appellate Court ruled in favor of the petitioner and held that the petitioner had been subjected to an illegal search and seizure which required the suppression of certain evidence. In its ruling, the Appellate Court ordered that the matter be remanded for a new trial. State v. Rodriguez 39 Conn. App. 939
(1995).
Thereafter, a Petition for Certification was filed with the Supreme Court and the Supreme Court reversed the Appellate Court's ruling on the search and seizure issue and remanded the matter to the Appellate Court for consideration of the issues the CT Page 16016 Appellate Court did not address in its original decision. Statev. Rodriguez 239 Conn. 235 (1997).
In its second consideration of the Petitioner's appeal, the Appellate Court refused to review the petitioner's claim of prosecutorial misconduct because the Appellate Court ruled that the issue of prosecutorial misconduct was not adequately briefed.State v. Rodriguez 44 Conn. App. 818 (1997). The petitioner claims that but for the failure of his appellate counsel to adequately brief the issue of prosecutorial misconduct it is reasonably probable that the result of the appeal would have been different.
Generally, in order for the petitioner in a habeas proceeding to succeed in his claim that he was denied the effective assistance of counsel in the criminal proceedings, he has the burden of proving both that his trial counsel's performance was deficient and that he was actually prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668
(1984), Bunkley v. Commissioner, 222 Conn. 444 (1992), Copas v.Commissioner, 234 Conn. 139 (1995).
The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the Federal constitution and by Article First, Section 8 of the Connecticut constitution. In order to prove that his counsel's performance was deficient, the petitioner must demonstrate that trial counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352 (1989). Competent representation is not to be equated with perfection. "The constitution guarantees only a fair trial and a competent attorney; it does not ensure that every conceivable constitutional claim will be recognized and raised." Jeffrey v.Commissioner, 36 Conn. App. 216 (1994) (citations omitted). "Defense counsel's performance must be reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. Johnson v. Commissioner,36 Conn. App. 695 (1995).
In Strickland, the Supreme Court also noted that "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a Court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or CT Page 16017 omission of counsel was unreasonable . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Stricklandv. Washington, supra, 466 U.S. 689-90; Quintana v. Warden,220 Conn. 1 (1991); Williams v. Warden, 217 Conn. 419 (1991); Jeffreyv. Commissioner, 36 Conn. App. 216 (1994).
With respect to the prejudice component of the Strickland test, as a general proposition, the petitioner must demonstrate that, ". . . counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."Strickland v. Washington, supra 466 U.S. 687. Accordingly, "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id., 691. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings." Id., 693. Rather, a successful petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.Copas v. Commissioner, 234 Conn. 139 (1995). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, supra 466 U.S. 694. "`When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'" Fair v. Warden, 211 Conn. 398, 408 (1989);Jeffrey v. Commissioner, 36 Conn. App. 216 (1994).
The Court has carefully considered all of the evidence presented at the habeas trial, including the underlying criminal trial transcripts and the appellate briefs, and the Court has further carefully considered and assessed the credibility of all of the witnesses who testified at the said habeas trial. The Court has also carefully considered the arguments of counsel CT Page 16018 presented to the Court in their respective post-trial briefs.
As regards the First Count of the Petition, the Court finds that the petitioner has failed to meet his burden in this matter. The evidence presented at the habeas trial does not substantiate the petitioner's claim that he was rendered ineffective assistance of counsel at the trial level. The evidence does not support the petitioner's claim to the effect that "Because Attorney Rosenblum's cross examination of the Hamden Police Officers was muddled and ineffective, the trial court made erroneous factual findings." The Petitioner in this proceeding can no more conclusively state what the criminal trial court's factual findings were based upon than can this habeas court. Any number of factors, that are not apparent from the record, may have contributed to the criminal trial court's factual findings, including but not limited to, the trial court's assessment of the credibility of the witnesses and other evidence submitted at the hearing on the Motion to Suppress. It is unreasonable to expect that this habeas court, on the strength of the evidence presented at the habeas trial, will now make a finding that the criminal trial court's factual findings were "erroneous".
As regards the Second Count of the petition regarding the claim of ineffective assistance of appellate counsel, this court is similarly unpersuaded by the petitioner's claims. Attorney Kent Drager testified, and the Court finds, that Attorney Drager briefed eight appellate issues on behalf of the petitioner, including the issue of prosecutorial misconduct. This Court is satisfied that Attorney Drager, an experienced appellate attorney, carefully considered, advanced, briefed and argued each and every appellate issue on behalf of the petitioner.
In its ruling on the issue of claimed prosecutorial misconduct in State v. Rodriguez, 44 Conn. App. 818 (1997), the Appellate Court held as follows:
 The defendant next claims that prosecutorial misconduct deprived him of a fair trial. Although this claim was not preserved at trial, the defendant requests review under the constitutional bypass doctrine of Evans-Golding. See State v. Golding, 213 Conn. 233, 567 A.2d 823 (1989); State v. Evans, 165 Conn. 61, 327 A.2d 576 (1973). We decline to afford such review because the defendant has failed to brief the issue adequately. CT Page 16019
 The defendant attempts to invoke review of his prosecutorial misconduct claim in a single sentence: "Unpreserved claims of prosecutorial misconduct are reviewable under the Evans-Golding doctrine where the misconduct is not isolated and is sufficiently egregious to have deprived the accused of a fair trial." This is, of course, a correct statement of the law. State v. Williams, 204 Conn. 523, 537, 529 A.2d 653
(1987). Nevertheless, the defendant fails to apply this statement of the law to his claim on appeal. We are provided with no argument that the alleged misconduct in this case was part of a pervasive pattern. (Emphasis added)
The mere fact that the Appellate Court refused to consider the petitioner's claim of prosecutorial misconduct does not necessarily require that this habeas court conclude that the petitioner's appellate counsel rendered ineffective assistance to the petitioner. Rather, the habeas court is still required to conduct a "Strickland" (supra) type analysis to the claim. This Court has applied such an analysis to the petitioner's claim and concludes that the claim set forth in the petitioner's Second Count cannot withstand such an analysis.
Specifically, a review of the underlying trial transcript does not disclose the "pervasive pattern" of prosecutorial misconduct to which the Appellate Court made reference in its decision in State v. Rodriguez, 44 Conn. App. 818 (supra). This court notes that Attorney Drager did, in fact, brief the issue of prosecutorial misconduct but he simply could not point to evidence in the trial proceedings that would satisfy the Appellate Court that there was a "pervasive pattern" of such prosecutorial misconduct. Attorney Drager was limited to the record before him.
The record does not substantiate and there is no merit to the petitioner's claim to the effect that "but for the failure to adequately brief the issue of prosecutorial misconduct it is reasonably probable that the result of the appeal would have been different."
For all of the foregoing reasons, the petition for habeas corpus relief is denied and the petition is dismissed.
BY THE COURT
CT Page 16020
CARROLL, J.